J-S59041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARKEA GOLPHIN | : | |
| | : | |
| Appellant | : | No. 491 EDA 2018 |

Appeal from the PCRA Order January 30, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009763-2010

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                        **FILED JUNE 18, 2019**

Markea Golphin appeals from the order entered on January 30, 2018, in the Court of Common Pleas of Philadelphia County, denying her relief on her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal, Golphin claims the PCRA court erred in failing to grant an evidentiary hearing on three claims of ineffective assistance of counsel.  These claims have no merit.[1]  Accordingly, we affirm.

In July, 2011, Golphin was convicted by a jury of first-degree aggravated assault, simple assault, recklessly endangering another person, and possessing an instrument of crime.[2]  She received an aggregate sentence of 10 to 25 years' incarceration.  The facts underlying her conviction were,

---

[1] Although Golphin raised 11 issues in her 1925(b) statement of matters complained of on appeal, only three have been briefed.

[2] 18 Pa.C.S. §§ 2702(a), 2701(a), 2705, and 907(a), respectively.

during an altercation with another individual, Golphin stabbed Police Lieutenant Jonathan Josey in the back with a three-inch knife, causing him severe blood loss and serious bodily injury. Golphin presented a defense of justification (self-defense). Her co-defendant, Ayisha Palmer, presented a defense of mere presence. Palmer was acquitted of all charges. Relevant to this appeal, Golphin and Palmer were tried jointly and were represented by partners in law, Tariq El-Shabazz, Esq., and Qawi Abdul-Rahman, Esq., respectively. On the day of trial, prior to the jury being sworn, the trial court conducted a colloquy to determine if the co-defendants were willing to waive any future claim of conflict of interest based upon the partnership relationship between their counsel. Both co-defendants indicated they were willing to proceed.

Despite the years between Golphin's conviction in 2011 and the filing of the instant PCRA petition in 2017, both the petition and appeal are timely. [3]

Golphin now claims the PCRA court erred in failing to hold an evidentiary hearing regarding three claims of ineffective assistance of counsel.

Our standard of review is as follows:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error.

---

[3] This decision has been repeatedly delayed due to the inaction of both counsel. Golphin's counsel initially failed to file a required Pa.R.A.P. 1925(b) statement, necessitating a remand. The Commonwealth subsequently sought multiple extensions of time to file the appellee's brief.

*Commonwealth v. Conway*, 14 A.3d 101 (Pa. Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.2d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa. Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa. Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa. Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams*, *supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit...." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa. Super. 2004).

*Commonwealth v. Bickerstaff*, 204 A.3d 988, 992 (Pa. Super. 2019).

In her first issue, Golphin claims the PCRA court erred in failing to hold an evidentiary hearing on her assertion that her trial counsel failed to inform her of the potential for a conflict of interest between counsel's representation of Golphin and his partner's representation of co-defendant, Palmer. A review

of the notes of testimony shows the strong likelihood that counsel did indeed fail to inform Golphin of the possibility of a conflict of interest. During the colloquy immediately before trial, counsel for Palmer admitted, "I have not spoken to her [Palmer] about this, but we talked about the individuality of the case itself." N.T., 6/2/2011, at 173. Attorney El-Shabazz made no comment at all regarding having informed Golphin of any potential problems. The trial court then noted, "Ordinarily this would have been raised early on in the proceedings. This never came up before." *Id*. at 174. The Assistant District Attorney stated immediately thereafter, "I tried to bring this to the attention of Judge Ciesler[`s] court, but the court staff would not listen." *Id*. It is concerning that counsel would apparently ignore the possibility of a conflict of interest. However, under our interpretation of the instant claim, we discern no cognizable assertion of prejudice.

The record demonstrates that the defenses of Golphin and Palmer were not antagonistic. Palmer claimed she was merely in the presence of the fight, while Golphin claimed justification in that she was attempting to keep Lieutenant Josey from restraining her while the person she argued with punched her in the face. She claimed she had no idea that the victim, who was off duty and coming from a local bar when he chanced upon the argument, was a police officer.

Further, the PCRA court correctly notes that, despite the late notice to the court of a possible conflict of interest, both defendants were questioned

regarding their choice of counsel and both co-defendants, having been specifically informed about the possibility of conflict, agreed to proceed. Both co-defendants were given the opportunity to consult with their attorneys and both refused the opportunity. Both co-defendants were informed that if they agreed to proceed with counsel, having been informed of the possibility of a conflict of interest, they would likely not prevail on any subsequent claim regarding a conflict of interest. Having been so informed, both defendants agreed to proceed. In relevant part, the notes of testimony read as follows:

> The Court: . . . Do you want an opportunity to speak to your lawyers for a few minutes?
>
> [Palmer]: No.
>
> [Golphin]: No
>
> The Court: Has anyone promised you anything or threatened you or forced you to waive your right to have independent counsel? Ms. Palmer?
>
> [Palmer]: No.
>
> The Court: Ms. Golphin?
>
> [Golphin]: No.
>
> The Court: Are you doing this of your own free will? Ms. Palmer?
>
> [Palmer]: Yes.
>
> The Court: Ms. Golphin?
>
> [Golphin]: Yes.
>
> The Court: Are there any additional questions that anyone wishes to ask the defendants on this issue? Ms. Donnelly?

[ADA] Donnelly: No, Your Honor.

The Court: Mr. Abdul-Rahman?

Mr. Abdul-Rahman: No, Your Honor.

The Court: Mr. El Shabazz?

Mr. El Shabazz: As His Honor just explained to you, you're comfortable with my representing you in this matter?

[Golphin]: Yes.

…

The Court: We will take a break then, and I do find that these waivers were made knowingly, intelligently and voluntarily, and we will resume with opening instructions and opening statements.

N.T. Trial, 6/27/2011, at 174-177.  The above colloquy demonstrates Golphin was not coerced into waiving a possible claim of conflict of interest.

The record also demonstrates that no offers had been made to either co-defendant to testify favorably for the Commonwealth in exchange for any form of consideration.  The Commonwealth specifically denied having made any such offer.  *See id*.

The only suggestion of prejudice Golphin claims is that counsel failed to effectively cross-examine Palmer about her testimony that Golphin retrieved the knife from her car after the underlying altercation had begun.  Golphin argues this led to a possible inference that she intended to stab Lieutenant

Josey.[4]    However,  despite  Golphin's  assertions,  there  are  no  specific allegations  linking  the  allegedly  inadequate  cross-examination  by  trial counsel,  to  any  conflict  of  interest.    There  is  no  demonstration  of  how  the failure  to  challenge  Palmer  regarding  the  original  location  of  the  knife  was  due to  an  improper  concern  by  Attorney  El  Shabazz  for  his  partner's  client. Indeed,  Palmer's  recollection  whether  Golphin  carried  the  knife  with  her  or retrieved  it  from  her  car  has  no  bearing  at  all  on  Palmer's  defense  that  she was  merely  present.

In  light  of  the  colloquy  undertaken  by  the  trial  court  and  the  failure  to present  a  cognizable  claim  of  prejudice,  the  PCRA  court  did  not  err  in  failing to  hold  an  evidentiary  hearing  on  this  issue.    Accordingly,  Golphin  is  not entitled  to  relief  on  this  claim.

Next,  Golphin  argues  the  PCRA  court  erred  in  failing  to  hold  an evidentiary  hearing  on  her  claim  that  trial  counsel  was  ineffective  for  failing  to adequately  meet  and  consult  with  both  her  and  co-defendant  Palmer.    She argues  that  had  trial  counsel  met  with  and  interviewed  co-defendant  Palmer, he  would  have  discovered  that  Palmer  intended  to  testify  that  Golphin retrieved  the  knife  from  her  car  after  the  incident  began,  leading  to  the

---

[4] Although Golphin testified at trial that she had been carrying the knife in her dress the entire time, in her prior statement to the police, she claimed she retrieved the knife from her car after the altercation had begun. *See* PCRA Court Opinion, 1/29/2019, at 14. The Commonwealth did not seek to introduce the prior statement at trial.  N.T. Trial, 6/27/11, at 10-11.  The PCRA court opined the statement was exculpatory and trial counsel had a reasonable basis for not seeking suppression.  PCRA Court Opinion, at 14 and n. 5.

possible conclusion that she intended to stab Lieutenant Josey. However, this argument was not raised before the PCRA court. Indeed, Golphin's amended 1925(b) statement presents no specific argument at all. Rather, the PCRA court was faced with a generic claim that counsel "would have discovered additional evidence to support the defense of self-defense." Golphin's Pa.R.A.P. 1925(b) Statement, at ¶ B. The PCRA court noted the argument was undeveloped by failing to indicate what evidence would or could have been discovered and found the claim waived. We agree.

We further note that Golphin's current argument, claiming trial counsel would have discovered antagonistic testimony from co-defendant Palmer, has nothing to do with the generic claim made in her 1925(b) statement. This fact also renders Golphin's current argument waived as an appellant cannot raise an argument for the first time on appeal. *See* Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal); *Commonwealth v. Green*, 204 A.3d 469, 483 (Pa. Super. 2019) (same).

In light of the above, Golphin is not entitled to relief on this issue.

In her final issue, Golphin claims trial counsel was ineffective for failing to convey a plea agreement to her. Once again, the argument made on appeal differs from the one raised before the PCRA court. In her PCRA petition, Golphin argued counsel failed to adequately advise her regarding the plea agreement, by failing to explain "sentencing guidelines and the merits of a

non-trial disposition."  PCRA Petition at ¶ 24 b.  The petition suggests that Golphin knew of the alleged offer,[5] but was not made aware by trial counsel of the ramifications of the offer.  Now, on appeal, Golphin claims she was never informed of this offer in the first place.[6]  Just as in the prior issue, one cannot raise an argument for the first time on appeal.  Accordingly, the issue is waived.

We note as well, that in order to prevail on such a claim, the defendant must assert that had she been informed of the offer, she would have accepted the offer, thereby demonstrating prejudice in the failure of counsel to inform her of the possibility of a plea agreement.[7]  Here, Golphin does not make such an assertion.  Rather, she merely states, "she likely would have accepted it if it was reasonable because the complainant was a police lieutenant and carried an imprimatur of credibility and she could not reasonably argue that she did not stab him."  Golphin's Brief, at 41-42.  Furthermore, Golphin's defense was not that "she did not stab him," it was that she stabbed him in self-defense.

---

[5] Golphin claims she was offered 8-16 years' incarceration that included resolution of another, unrelated case.  There is no evidence of record of such an offer.

[6] There is no explanation of how she became aware of the offer.

[7] *See Commonwealth v. Chazin*, 873 A.2d 732, 735 (Pa. Super. 2005) (in order to prevail on such a claim the defendant must show, "(1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) *he was prejudiced thereby*.") (emphasis added).

Accordingly, her vague statement of prejudice is further diminished by the fact it has no relationship to her actual defense.

Golphin is not entitled to relief on this issue.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/18/19