J-S38028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW SHELTON PARKER | : | |
| | : | |
| Appellant | : | No. 643 WDA 2021 |

Appeal from the PCRA Order Entered May 6, 2021
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000052-2017

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: JULY 01, 2022**

Appellant, Matthew Shelton Parker, appeals from the Order entered on May 6, 2021, dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we remand for further proceedings.

The Commonwealth charged Appellant with multiple crimes for sex abuse Appellant perpetrated against Victim, a minor. The Commonwealth introduced evidence at trial proving that Appellant used his hands to touch Victim's genitals on numerous occasions and had sex with Victim on at least two occasions, all while Victim was a minor. These acts formed the basis of the charges against Appellant.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In addition, the Commonwealth introduced evidence at trial that on two occasions, Appellant sexually abused Victim while outside Butler County. These acts did not form the basis of the crimes charged. Appellant's counsel did not object to admission of this other crimes evidence or request that the trial court instruct the jury regarding its limited consideration of this evidence.

On February 28, 2018, the jury convicted Appellant of three counts of Indecent Assault, two counts of Rape, and one count each of Aggravated Indecent Assault, Corruption of Minors, and Endangering the Welfare of a Child. On July 31, 2018, the trial court sentenced Appellant to 148 to 256 months' incarceration. This Court affirmed Appellant's Judgment of Sentence, finding in relevant part that Appellant waived a challenge to the trial court's failure to issue a limiting instruction by not requesting such an instruction at trial. **Commonwealth v. Parker**, No. 1186 WDA 2018, 2019 WL 2025247 at *2 (Pa. Super. filed May 8, 2019). We further opined that the other crimes evidence was admissible under the *res gestae* and common scheme exceptions to Pa.R.E. 404(b). **Id.** On February 8, 2021, our Supreme Court denied allowance of appeal. **Commonwealth v. Parker**, 244 A.3d 1224 (Pa. 2021).

On March 1, 2021, Appellant filed the instant counseled PCRA Petition, his first, asserting claims of ineffective assistance of trial counsel for, *inter alia*, failing to request a limiting instruction. On April 27, 2021, the PCRA court held a hearing on Appellant's petition. Crucially, Appellant did not call trial counsel to testify at this hearing. On May 6, 2021, the PCRA court dismissed

Appellant's petition, concluding that Appellant's failure to call trial counsel to testify at his hearing precluded Appellant from establishing that counsel lacked a reasonable basis for his inaction. Appellant timely filed a Notice of Appeal.

On December 20, 2021, Appellant filed a *pro se* Application for Relief requesting that this Court remand his case to the PCRA court for appointment of new PCRA counsel and the opportunity to raise claims of PCRA counsel ineffectiveness. On January 18, 2022, we granted Appellant's request.

The PCRA court appointed Appellant's current counsel who, on April 18, 2022, filed a **Turner**/**Finley**[1] "no merit" letter and application to withdraw as counsel. The letter, however, did not address Appellant's assertion of ineffective assistance of PCRA counsel identified in his Application for Relief.

On May 26, 2022, this Court denied counsel's request to withdraw and directed counsel to address, in either a supplemental no-merit letter or an appellate brief, Appellant's assertion of ineffective assistance of PCRA counsel. On June 6, 2022, counsel for Appellant filed an appellate brief addressing a single question for review:

> Was Appellant's initial PCRA counsel ineffective for failing to call Appellant's trial attorney as a witness to answer to the claims of [i]neffective [a]ssistance of [c]ounsel against him at the [e]videntiary [h]earing on April 27, 2021?

Supplemental Appellant's Br. at 5.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant argues that initial PCRA counsel was ineffective for failing to present trial counsel's testimony at Appellant's PCRA hearing.[2] *Id.* at 9-13. We agree.

We presume that counsel has rendered effective assistance.[3] ***Commonwealth v. Bickerstaff***, 204 A.3d 988, 992 (Pa. Super. 2019). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Bradley***, 261 A.3d 381, 390 (Pa. 2021).

Appellant's assertion—that initial PCRA counsel was ineffective for failing to properly present evidence to prove trial counsel ineffectiveness—presents a layered ineffectiveness claim. "Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." ***Commonwealth v. Parrish***, --- A.3d ---, 2022 WL 1244413 at *11 n.11 (Pa. 2022). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for

---

[2] Appellant properly raised his claim of PCRA counsel ineffectiveness pursuant to ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021).

[3] To the extent necessary, we review the PCRA court's order to determine if the evidence of record support's the court's determination and if it is free of legal error. ***Commonwealth v. Reaves***, 923 A.2d 1119, 1124 (Pa. 2007).

failing to raise the underlying issue." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa. Super. 2010).

Relevant to our analysis, when a trial court admits evidence of a defendant's other bad acts, "the defendant is entitled to a jury instruction that the evidence is admissible only for a limited purpose." ***Commonwealth v. Solano***, 129 A.3d 1156, 1178 (Pa. 2015). The decision of whether to seek a jury instruction, however, implicates a matter of trial strategy. ***Commonwealth v. Lesko***, 15 A.3d 345, 401 (Pa. 2011). Therefore, to satisfy the reasonableness prong of the ineffectiveness test, the petitioner must prove that counsel's failure to request a limiting instruction was not grounded in a reasonable trial strategy. ***See Commonwealth v. Chmiel***, 889 A.2d 501, 547 (Pa. 2005) (holding that trial counsel's PCRA testimony established a reasonable basis for declining to request a limiting instruction).

Trial counsel's testimony on this point is invaluable and, therefore, "[w]hen the petitioner is granted a PCRA hearing, it is his burden to satisfy this aspect of the test **with direct questioning of trial counsel**." ***Commonwealth v. Weiss***, 81 A.3d 767, 798-99 (Pa. 2013) (emphasis added). ***See also Commonwealth v. Koehler***, 36 A.3d 121, 146 (Pa. 2012) (faulting PCRA petitioner for declining to question trial counsel at PCRA hearing on lack of strategic basis for failure to object); ***Lesko***, 15 A.3d at 401 (faulting petitioner for failing to ask counsel "his reasons for failing to request a cautionary charge").

Finally, where an appellant raises a claim of PCRA counsel ineffectiveness for the first time on appeal, this Court has "the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." *Bradley*, 261 A.3d at 403. We will remand "where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law[.]" *Id.* at 402 (citation omitted). Additionally, we are mindful of the "general rule" that "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." *Commonwealth v. Colavita*, 993 A.2d 874, 895 (Pa. 2010), *overruled on other grounds*, *Bradley*, 261 A.3d at 390.

After careful review, we determine that remand is necessary for further development of the record. Our analysis of Appellant's layered ineffectiveness claim must begin with a determination of trial counsel's effectiveness. Initial PCRA counsel, however, failed to present trial counsel's testimony at Appellant's PCRA hearing. Trial counsel's testimony was necessary to determine his effectiveness, and Appellant's failure to present such testimony directly caused the PCRA court to deny his claim:

> To prove the reasonableness prong, direct questioning of trial counsel is required. At [Appellant's] evidentiary hearing for his petition, the only witness presented was [Appellant] himself, who gave his opinions on trial counsel's actions. While the Amended Petition listed the trial counsel as a potential witness, trial counsel was not called and did not testify at the hearing. No testimony, other than [Appellant's] opinions, was elucidated to show that trial counsel's actions were unreasonable. [Appellant] stated that he

- 6 -

viewed trial counsel's action to be ineffective, which is not persuasive to this [c]ourt.

* * *

Therefore, this [c]ourt finds that the testimony presented does not satisfy the second prong of the IAC test. All three prongs are required to prove IAC, and therefore, [Appellant's] claim of ineffective assistance of counsel fails with regard to the arguments addressing the prior bad acts and failure to request a cautionary instruction.

PCRA Ct. Op. at 6-7.[4]

Without trial counsel's testimony regarding the reasons for his inaction, we are unable to determine if trial counsel was effective. Since we cannot determine trial counsel's effectiveness, we are unable to review initial PCRA counsel's effectiveness. For this reason, we vacate the order denying PCRA relief and remand the matter to the PCRA court for further development of the record. The PCRA court shall hold a supplemental hearing and conduct such further proceedings as necessary to address Appellant's claims of ineffective assistance of trial and initial PCRA counsel.[5]

Order vacated. Case remanded. Jurisdiction relinquished.

---

[4] As noted *supra*, this Court affirmed on direct review the admissibility of the other bad acts evidence. Appellant's claim relates solely to counsel's failure to request a limiting instruction to accompany admission of this evidence.

[5] The PCRA court may, if necessary, allow Appellant to file a supplemental PCRA petition to adequately address trial and initial PCRA counsel's effectiveness.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  07/30/2022