J-A13027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                       :            PENNSYLVANIA
                       :
           v.                :
                       :
                       :
DON CARVICA HOGUE          :
                       :
      Appellant        :    No. 1727 EDA 2021

Appeal from the PCRA Order Entered August 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006741-2014

BEFORE: OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:           **FILED AUGUST 15, 2022**

Don Carvica Hogue ("Appellant") appeals from the Order entered in the Philadelphia County Court of Common Pleas denying without a hearing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. He asserts that trial counsel provided ineffective assistance of counsel by failing to object to the admission of an audio recording. After careful review, we affirm.

We glean the relevant facts and procedural history from the PCRA court's December 10, 2021 Opinion filed pursuant to Pa.R.A.P. 1925(a). On March 3, 2017, the trial court sentenced Appellant to, *inter alia*, a term of incarceration of life without parole after a jury found him guilty of First-Degree

Aggravated Assault-Serious Bodily Injury and other offenses.[1]  This Court affirmed the judgment of sentence on August 5, 2019, in a non-precedential decision.  ***Commonwealth v. Hogue***, No. 1049 EDA 2017 (Pa. Super. filed Aug. 5, 2019).

On September 27, 2019, Appellant filed a *pro se* PCRA petition.  The court appointed counsel, who filed an amended petition asserting trial counsel's ineffectiveness for failing to object to the admission of a portion of a tape recording of a phone call that Appellant had with his daughter, Rashada Siojo, which had been broadcasted over Ms. Siojo's vehicle's Bluetooth system as she drove herself, her brother, and her mother, who was Appellant's paramour, away from Appellant's home.  The court issued a Pa.R.Crim.P. 907 notice on June 10, 2021.  Appellant did not respond to the notice.  The court dismissed the Petition on August 19, 2021.

Appellant filed a Notice of Appeal.  Both Appellant and the court complied with Pa.R.A.P. 1925.

In his brief, Appellant raises three issues asserting that the court erred in dismissing his petition without a hearing because trial counsel provided ineffective assistance of counsel when:

A. He failed to object to the admission of the taped conversation between Rashada Siojo and [Appellant] that allegedly took place on March 17, 2014.

---

[1] The jury based its verdict on evidence that on March 16, 2014, Appellant repeatedly stabbed a man under a train trestle in Philadelphia.  Because this was Appellant's fifth conviction for a crime of violence, the court sentenced Appellant to LWOP pursuant to 42 Pa.C.S. § 9714(a)(2).

i) The chain of custody for the taped conversation was not established;

ii) The taped conversation could not be authenticated; and

iii) The taped conversation violated the Wiretap Act further delineated in 18 Pa.C.S. § 5703, and the exception found in 18 Pa.C.S. § 5704(17) is not applicable to the facts at hand.

Appellant's Brief at 6-7.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). To be eligible for relief under the PCRA, a petitioner must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2), which include, relevant to this appeal, the ineffective assistance of counsel. 42 Pa.C.S. §§ 9543(a)(2)(ii). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id*. at § 9543(a)(3), (a)(4).

- 3 -

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

We presume that counsel has rendered effective assistance. **Commonwealth v. Bickerstaff**, 204 A.3d 988, 992 (Pa. Super. 2019). In order to overcome the presumption that counsel has provided effective assistance, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. **Commonwealth v. Bradley**, 261 A.3d 381, 390 (Pa. 2021). "Appellant bears the burden of proving each of these elements, and his failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **See Jarosz**, 152 A.3d at 350.

Each of Appellant's claims challenge the admission of a partial recording of a telephone conversation that Appellant had with Ms. Sioja while she

travelled in a vehicle with her mother and her younger brother.[2]  The PCRA

court observed:

> During the June 17, 2016 evidentiary hearing [on Appellant's suppression motion], Rashada Siojo had been subjected to direct and cross-examination concerning her memory of Appellant's verbal admissions both on and off the recording and the unique circumstances surrounding the partial recording of her chaotic quarrels with her father, the Appellant; she testified that all of the conversations had been broadcasted via Bluetooth speaker in the presence of her brother and her mother Lolita Moore, Appellant's paramour, while all of them traveled in Ms. Siojo's vehicle to escape the Appellant's wrath and potential violence.
>
> Notably, Ms. Siojo had driven to Appellant's residence after unrecorded verbal exchanges during which Appellant had said to her and her mom, Ms. Moore,[3] that he had critically stabbed a man over a lighter on the avenue.  Ms. Moore's daughter reported that she had been quite fearful for the safety of herself and her mother particularly after Appellant had demanded that Ms. Moore handle and dispose of the knife that he had used in the stabbing. She testified during the motion that she had independently decided to use her brother's cell phone to record part of the telephone conversation because of her well-founded safety fears. She further acknowledged in her verbatim statements provided to law enforcement that she had provided the recording simultaneously to law enforcement investigators after she had driven her family members and herself from Appellant's home to the police station in a panicked state.

PCRA Ct. Op., 12/10/21, at 10-11.[4]

---

[2] The relevancy of the contents of the challenged recordings is not an issue in this appeal.

[3] Ms. Moore was at Appellant's house during these initial, unrecorded conversations that Ms. Sioja had with Appellant.

[4] The PCRA court also observed: "Ms. Siojo had reluctantly testified during the trial in front of Appellant, her father, and had partially altered her testimony
*(Footnote Continued Next Page)*

Appellant first contends that counsel provided ineffective assistance by not challenging the admission of the taped conversation on the basis of the Commonwealth's failure to establish chain of custody. Appellant's Br. at 26. He argues that the Commonwealth presented no evidence "as to which police officer initially received the phone and taped conversation of March 17, 2014, from Siojo's brother" and proffered no evidence "that the phone and taped conversation was even in the possession of the Commonwealth from the time it was taken to the time of trial." *Id*. at 27. Appellant next contends that counsel erred in failing to object to the admission of the taped conversation because it could not be authenticated. *Id*. at 27-28. Finally, Appellant contends that counsel should have objected to the admission of the tape recording because the telephone was used as a recording device and was, therefore, included in the Wiretap Act's definition of an "electronic, mechanical or other device," and the recording made with Ms. Sioja's brother's cell phone was not subject to the exception provided in 18 Pa.C.S. 5704(17) because the brother was not a victim or witness. *Id*. at 28-30. He concludes that "[b]ut

_____

to distance herself from her direct involvement in the taping of her conversation with her brother's cell phone. Her previous testimony during the motion to suppress physical evidence had been far more detailed, less hostile, and far more consistent with her written and adopted verbatim statement that had also been admitted into evidence at trial as Commonwealth Exhibit #9. Within her previous verbatim adopted inconsistent statements to investigators, she had fully acknowledged her role with respect to the recording as well as the preceding events that had included Appellant's admissions to her and to her mother that he had stabbed the man and the reasons for the stabbing." PCRA Ct. Op. at 16.

for Counsel's inactions, the outcome of the proceeding would have been different, and he would have been found not guilty." *Id*. at 31.

The PCRA court concluded that no PCRA hearing was required because the issues raised had been vigorously litigated before and during trial.

> Appellant's claims as raised within the PCRA filings remain factually flawed and legally unsound because Appellant's trial counsel had vigorously objected to the admission of the referenced evidence within the pre-trial evidentiary hearing concerning his motion to suppress and associated motion *in limine* that had been conducted on June 17, 2016. Appellant's trial counsel also raised a similar objection to introduction [of]the same recorded portion of the conversation during trial.

Tr. Ct. Op., dated 12/20/21, at 7.

The Hon. Anne Marie B. Coyle has authored a comprehensive, thorough, and well-reasoned Opinion addressing each issue Appellant raises in this appeal with citation to and discussion of the record and relevant case law. ***See, e.g., id***., at 13-18 (discussing, *inter alia*, Ms. Siojo's testimony at trial identifying her voice and Appellant's voice from the recording, the admission of a photograph of the brother's cell phone, and "admitted documents [that] additionally and independently verified authenticity and chain of custody of all prosecution evidence including the recording at issue"); at 18-25 (addressing the Wiretap Act, 18 Pa.C.S. §§ 5703, 5704(17), and relevant case law, observing that (1) a telephone is exempt from the Act, factually distinguishing ***Commonwealth v. Smith***, 136 A.3d 170, 178 (Pa. Super. 2016); (2) even

if a telephone is not exempted from the Wiretap Act's definition of "device,"[5] the Act provides an exception for witnesses to intercept communications "when they have reasonable suspicion that the intercepted party . . . is about to commit or has committed a crime of violence, and there is reason to believe that evidence of the crime of violence may be obtained from the interception" (citing 18 Pa.C.S. § 5704(17)); (3) the phone call was the continuation of a previous conversation in which Appellant admitted to stabbing a man over a lighter and had threatened Ms. Siojo and her mother; (4) even if the exception provided in Section 5704(17) were not applicable, the admission the tape recording was harmless error because it was cumulative of testimony presented at trial from the victim and Ms. Sioja, and the outcome of the trial would not have been different had counsel raised this specific challenge).

The PCRA court's opinion is supported by the record. We discern no abuse of discretion in the court's denial of Appellant's PCRA petition without a hearing. We, thus, adopt the PCRA court's Opinion as our own and affirm the order dismissing Appellant's petition.

We instruct the parties to annex a copy of the PCRA court's December 20, 2021 Opinion to any future filings.

Order affirmed.

---

[5] This Court, in addressing Appellant's direct appeal, rejected his argument that a telephone is included in the Wiretap Act's definition of "electronic, mechanical or other device." *Commonwealth v. Hogue*, No. 1045 EDA 2019 (Pa. Super. filed Aug. 5, 2019).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/15/2022</u>