**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARLTON F. WATLER | : | |
| | : | |
| Appellant | : | No. 1521 WDA 2021 |

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001656-2018

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: SEPTEMBER 7, 2022**

Appellant, Carlton F. Watler, appeals from the November 23, 2021 Order entered in the Cambria County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-46.  Appellant claims that his trial counsel was ineffective for failing to request a jury instruction regarding the Commonwealth's primary witness's credibility.  After careful review, we conclude that Appellant has failed to demonstrate that he suffered prejudice as a result of counsel's omission.  We, thus, affirm the PCRA court's order.

The relevant facts and procedural history are as follows.  On the evening of September 27, 2016, the victim, Christy Powell, reported having been raped by an unknown assailant in Moxham, Cambria County.  Ms. Powell described her attacker as approximately five feet, nine inches tall, of skinny to medium build, clean-shaven, and wearing glasses, a white t-shirt, and shorts.  An

ambulance transported Ms. Powell to Conemaugh Hospital for an examination and the collection of samples for a sexual assault forensic kit. Almost two years later, following Appellant's felony arrest for another crime and the submission of his DNA to the FBI's Combined DNA Index System ("CODIS"), CODIS linked Appellant, who is not from the Moxham/Johnstown area, as a potential source of one of the DNA profiles collected from Ms. Powell on the night of the rape.[1]

Following an investigation by police, the Commonwealth charged Appellant with one count each of Rape by Forcible Compulsion, Rape by Threat of Forcible Compulsion, Kidnap, Sexual Assault, and Simple Assault. Kevin Sanders, Esquire, represented Appellant at trial where the Commonwealth presented the testimony of numerous witnesses including, *inter alia*, Ms. Powell, and investigating police officers, and the court admitted the DNA evidence implicating Appellant in the rape.

Although Ms. Powell had been unable to identify her attacker prior to trial, at trial she affirmatively identified Appellant as the perpetrator of the rape. In addition, Stonycreek Township Police Officer Thomas Owens testified that Appellant matched the description of Ms. Powell's attacker that Ms. Powell provided when she reported the attack to the police department soon after

---

[1] A serology analysis of bodily fluids recovered from Ms. Powell's vaginal area and underwear identified a mixture of three DNA profiles. On September 7, 2018, Stonycreek Township Police Officer Thomas Owens received a report from Forensic DNA Scientist Rachael Rodriguez noting that CODIS "indicated" Appellant was a potential source of the DNA. Trial Ct. Op., 1/10/20, at 3.

the rape. The Commonwealth presented evidence that officers recovered a suitcase from the vicinity of the crime, which contained, among other things, an envelope addressed to Appellant at a Harrisburg address.

During Ms. Powell's testimony, the Commonwealth brought to the jury's attention Ms. Powell's prior criminal history, which included a 2016 conviction of Theft by Unlawful Taking.[2] Ms. Powell explained that the Commonwealth charged her with that offense after she received an engagement ring that, unbeknownst to her, had been stolen.[3] She further explained that the Commonwealth offered her a 24-month probationary sentence in exchange for her guilty plea and agreement to testify against the person who stole the ring.[4]

Attorney Sanders cross-examined Ms. Powell extensively regarding her prior inconsistent identification statements and her criminal history, including her *crimen falsi* theft conviction. He also challenged the validity and reliability of the DNA evidence

During his closing argument, Attorney Sanders argued, *inter alia*, that Ms. Powell's conviction was a "crime of infamy" that "indicates a tendency, a

---

[2] Ms. Powell pleaded guilty to Theft by Unlawful Taking on October 3, 2016, which, as a crime involving dishonesty or false statement, is considered a *crimen falsi*. **See Commonwealth v. Washington**, 269 A.3d 1255, 1264 (Pa. Super. 2022 (*en banc*) (describing requirements for *crimen falsi*).

[3] N.T. Trial, 6/17/19, at 55-56.

[4] ***Id.*** at 56.

character trait, to deceive, to fool, that the person doesn't have - - any trouble lying in order to take something from somebody. And you can consider that in determining whether or not to believe the truthfulness of her testimony."[5] Appellant's counsel did not ask the trial court to provide a *crimen falsi* instruction to the jury.

The jury found Appellant guilty, and, on September 18, 2019, the trial court sentenced him to an aggregate term of 110 to 220 months' incarceration. Appellant filed a post-sentence motion, which the trial court denied. On October 26, 2020, this Court affirmed Appellant's Judgment of Sentence. **See Commonwealth v. Walter**, 241 A.3d 462 (Pa. Super. 2020) (unpublished memorandum). Appellant did not seek further review of his Judgment of Sentence.

On August 9, 2021, Appellant filed a counselled PCRA petition in which he asserted that his trial counsel, Attorney Sanders, had rendered ineffective assistance by failing to request a jury instruction that Ms. Powell's Theft by Unlawful Taking conviction constituted *crimen falsi*.[6] Petition, 8/9/21, at ¶ 2. Appellant argued that he was "entitled to a jury instruction regarding the 'relevancy and the use which could be made of [Ms. Powell's *crimen falsi*

---

[5] N.T. Trial, 6/18/19, at 132.

[6] Appellant also asserted that his trial counsel had been ineffective for failing to seek admission of expert testimony regarding Ms. Powell's eyewitness identification of Appellant as her assailant. Petition at ¶ 3. The PCRA court disagreed, and Appellant has not raised this issue on appeal.

conviction] in determining [Ms. Powell's] credibility[,]'" and that his trial counsel was ineffective for failing to seek such an instruction. PCRA Petition at ¶ 23 (relying on **Commonwealth v. Cole**, 227 A.3d 336, 340 (Pa. Super. 2020)[7]). He argued that his counsel had no reasonable basis for failing to seek such an instruction and this omission prejudiced Appellant because Ms. Powell was the only witness to identify him as the perpetrator. *Id.* at ¶¶ 27-30.

On September 28, 2021, the PCRA court held a hearing on the petition at which Attorney Sanders testified. Attorney Sanders acknowledged that Ms. Powell's credibility "became an important issue after she identified Appellant from the stand in the courtroom." N.T. PCRA Hr'g, 9/28/21, at 9. He testified that he did not seek a *crimen falsi* jury instruction because he did not believe such an instruction would be beneficial to Appellant's case because Ms. Powell had not previously identified Appellant as her assailant and his trial strategy had been primarily focused on attacking the validity of the Commonwealth's DNA evidence. *Id.* at 14-15. Attorney Sanders also testified that he cross-examined Ms. Powell extensively on her criminal record and prior inconsistent statements. *Id.* at 17. He stated that, ultimately, he believed that Ms. Powell's testimony pertaining to the circumstances of her guilty plea to the Theft by Unlawful Taking charge "evoked a lot of sympathy from the jury[,]"

---

[7] In **Cole**, discussed *infra*, this Court found counsel's failure to request a *crimen falsi* jury instruction met all three prongs of the ineffective assistance of counsel test because there was no evidence other than the witness's testimony pertaining to the appellant's criminal intent.

and that he did not "think that it was going to really resonate [with the jury] that she was a liar and a criminal based upon that single event." *Id.* at 9-10. Attorney Sanders conceded that he could have requested that the *crimen falsi* jury instruction but had concluded it would not be "effective" and he would rather "handle it in my own way" because "some matters are too important to allow the judge to handle[]." *Id.* at 11. He testified that, in retrospect, he did not "know if I would even ask it today, but I don't think it would have made any difference." *Id.*

On November 23, 2021, after considering Attorney Sanders's testimony, the parties' arguments, and their supporting memoranda of law, the PCRA court denied Appellant's petition as meritless, concluding, *inter alia*, that counsel's decision not to request a *crimen falsi* instruction was based on a reasonable strategy and Appellant's claim of ineffective assistance was, therefore, meritless. *See* PCRA Ct. Op., 11/23/21, at 6.

This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant has raised the following issues for our review:

1. Did the [PCRA] court err when it denied [] Appellant's claim for relief under the PCRA, based on **Commonwealth v. Cole**, [] 227 A.3d 336 [(Pa. Super. 2020)], that trial counsel was ineffective for failing to request a *crimen falsi* instruction regarding the victim, as the PCRA court held that [Appellant] could not demonstrate that trial counsel was ineffective as he could not show how he was prejudiced by trial counsel's failure to request such an instruction as the testimony of the victim was not vital to the Commonwealth's case against him?

2. Did the [PCRA] court err when it denied [] Appellant's claim for relief under the PCRA, based on **Commonwealth v. Cole**, [] 227 A.3d 336 [(Pa. Super. 2020)], that trial counsel was ineffective for failing to request a *crimen falsi* instruction regarding the victim, as the PCRA court held that [Appellant] could not demonstrate that [Appellant] used the victim's *crimen falsi* convictions to impeach her credibility; thereby bringing those crimes to the attention of the jury?

3. Did the [PCRA] court err when it denied [] Appellant's claim for relief under the PCRA, based on **Commonwealth v. Cole**, [] 227 A.3d 336 [(Pa. Super. 2020)], that trial counsel was ineffective for failing to request a *crimen falsi* instruction regarding the victim, when it held that [Appellant] could not show that trial counsel was ineffective, as trial counsel had a reasonable basis for not requesting such an instruction?

Appellant's Brief at 9-10 (reordered for ease of disposition; some capitalization omitted).[8]

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016) (citing **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Commonwealth v.**

---

[8] Appellant also challenges the PCRA court's initial conclusion that the holding in **Cole** did not apply to the instant case because it represented a change in Pennsylvania law that occurred subsequent to Appellant's trial. Appellant's Brief at 26-29. The PCRA court's characterization of **Cole** as inapplicable new law has no bearing on its ultimate conclusion that **Cole** was, in any event, factually distinguishable and counsel had a reasonable strategy explaining his decision not to request a *crimen falsi* jury instruction. PCRA Ct. Op., 11/23/21, at 5-6. As discussed *infra*, we also conclude **Cole** is factually distinguishable from the instant case. We, thus, decline to address whether the PCRA court's initial characterization of **Cole** was in error.

*Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). Moreover, "[w]e may affirm a PCRA Court's decision on any grounds if it is supported by the record." *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010).

To be eligible for relief under the PCRA, a petitioner must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2), which include, relevant to this appeal, the ineffective assistance of counsel. 42 Pa.C.S. § 9543(a)(2)(ii). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id*. at § 9543(a)(3), (a)(4).

We presume that counsel has rendered effective assistance. *Commonwealth v. Bickerstaff*, 204 A.3d 988, 992 (Pa. Super. 2019). In order to overcome the presumption that counsel has provided effective assistance, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Bradley*, 261 A.3d 381, 390 (Pa. 2021). Prejudice, in the context of ineffective assistance claims, requires proof of a reasonable probability that but for counsel's error, the outcome of the proceeding would have been different. *Commonwealth v. Mallory*, 941 A.2d 686, 699 (Pa. 2008). "Appellant bears the burden of proving each of these elements, and his failure to satisfy any

prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *See Jarosz*, 152 A.3d at 350 (citation omitted).

In each issue, Appellant relies on *Cole* to support his argument that the PCRA court erred by not granting him relief. We conclude that *Cole* is inapplicable as it is factually distinguishable.

In *Cole*, the defendant's trial counsel did not request a *crimen falsi* jury instruction, notwithstanding the fact that the Commonwealth's sole witness regarding the defendant's having premeditated killing the victim had a prior conviction of retail theft. 227 A.3d at 339-41. The PCRA court concluded that the defendant had not suffered prejudice by the lack of a *crimen falsi* instruction because the trial court provided a jury instruction concerning witness credibility generally. *Id.* at 342.

On appeal, this Court reversed, concluding that the appellant had satisfied each of the three prongs of the ineffective assistance of counsel test. *Id.* at 343. In particular, this Court found that the appellant's ineffective assistance of counsel claim had arguable merit because the witness's *crimen falsi* conviction entitled the appellant to a jury instruction about the relevance of the witness's *crimen falsi* convictions and the jury could use the evidence of the conviction to assess the witness's credibility. *Id.* at 340. This Court further found trial counsel could not have had a reasonable basis for not requesting the *crimen falsi* instruction since the witness with the *crimen falsi* conviction was the only witness who provided direct evidence of proving the premeditation element of first-degree murder, making her testimony "vital"

to the Commonwealth's case. *Id.* at 340-42. With respect to the prejudice prong of the test, the Court found that the trial court's "general instructions on witness credibility, provided at the beginning and end of [the a]ppellant's trial, were not sufficient, as they at no point addressed the specific issue of [the witness's] *crimen falsi* crimes." *Id.* at 342. Thus, the Court concluded that, had the jury been instructed that the witness's convictions constituted a basis for discounting her testimony, there was a reasonable probability that the defendant would have been convicted of a lesser degree of murder or acquitted. *Id.* at 343.

In three PCRA appeals subsequent to *Cole*, we considered the applicability of *Cole* and concluded that counsel's failure to request a *crimen falsi* instruction did not automatically result in prejudice to the defendant. *Commonwealth v. Robinson*, No. 711 MDA 2019, 2020 WL 1491362 (Pa. Super. 2020) (unpublished memorandum); *Commonwealth v. McCoy*, No. 721 MDA 2020, 2021 WL 1616221 (Pa. Super. 2021) (unpublished memorandum); *Commonwealth v. Alston*, No. 1171 MDA 2021, 2022 WL 1658068 (Pa. Super. 2022) (unpublished memorandum). Rather, in those cases we concluded that, to determine whether the petitioner established the element of prejudice, *i.e.*, whether there was a reasonable probability that the jury instruction would have resulted in a not-guilty verdict, the PCRA court

must consider the facts and circumstances of the entire trial. We find the reasoning in these cases persuasive.[9]

In **Robinson**, the petitioner argued that defense counsel was ineffective for failing to seek a *crimen falsi* instruction where a Commonwealth witness who saw the petitioner murder another person had multiple convictions for crimes of dishonesty, including theft, burglary, and related offenses. We found that the failure to seek an instruction, while unreasonable, did not prejudice the petitioner because defense counsel brought up the witness's crimes during his opening statement, during cross-examination of the witness, and during closing argument. **Robinson**, 2020 WL at 1491362, *11. Thus, we concluded that there was not a reasonable probability that, but for counsel's omission, the result of the petitioner's trial would have been different. **Id.**

In **McCoy**, the petitioner argued that defense counsel was ineffective for failing to seek a *crimen falsi* instruction relating to a Commonwealth witness who had convictions for robbery and retail theft. We held that the petitioner's case was distinguishable from **Cole** because the evidence adduced during trial (the arresting officer's and victim's testimony and forensic evidence obtained from a vehicle occupied by the petitioner) furnished overwhelming evidence of guilt, and because the jury heard about the witness's crimes of dishonesty during both her testimony and closing

_____

[9] We may cite all unpublished decision of this Court filed after May 1, 2019, for their persuasive value. Pa.R.A.P. 126(b).

- 11 -

argument. *McCoy*, 2021 WL 1616221, *5-6. Accordingly, we concluded that there was not a reasonable probability that had the court a *crimen falsi* instruction, the jury would have returned a not-guilty verdict and, thus, counsel's omission did not prejudice the petitioner.

In *Alston*, we found that given the abundant evidence of the petitioner's guilt other than the testimony of the witness with convictions of theft, and in light of counsel's attempt to undermine the witness's credibility with those convictions, counsel's failure to request a *crimen falsi* instruction did not prejudice the petitioner. 2022 WL 1658068, *6. (Pa. Super. 2022) (unpublished memorandum).

In the instant case, Appellant argues, *inter alia*, that the PCRA court erred when it refused to find that counsel's failure to request a *crimen falsi* instruction regarding Ms. Powell's prior conviction prejudiced him because the DNA evidence linking Appellant to the crime only proves that Ms. Powell and Appellant engaged in sexual conduct.[10] Appellant's Brief at 34-36. He contends that because the DNA evidence alone was not overwhelming evidence of his guilt and, in fact, would not establish any other elements of the offenses with which the Commonwealth charged him, Ms. Powell's testimony was vital to the Commonwealth's case. *Id.* at 34-36, 38-39, 41.

_____

[10] It bears noting that Appellant does not direct our attention to any record evidence to support his contention that the sexual encounter with Ms. Powell was consensual. Moreover, we observe that the only evidence on this point was Ms. Powell's unrebutted testimony that it was not consensual. N.T. Trial, 6/17/19, at 51.

- 12 -

He concludes, therefore, that as in *Cole*, he suffered prejudice from counsel's omission and the PCRA court erred in refusing to find that trial counsel had provided ineffective assistance.

In its Opinion, the PCRA court found that counsel's failure to request the *crimen falsi* instruction was based on counsel's reasonable trial strategy that focused primarily on the reliability of the DNA evidence and Ms. Powell's inconsistent identification testimony. PCRA Ct. Op. at 6. The PCRA court explained that it found credible and compelling Attorney Sanders's explanation that he did not request a *crimen falsi* instruction because he thought Ms. Powell's crime was relatively minor and "thought it would be more effective to focus on [Ms. Powell's] prior inconsistent statements in impeaching her credibility." *Id.* The court also found counsel had not provided ineffective assistance because Attorney Sanders had extensively cross-examined Ms. Powell about her criminal history, including her Theft by Unlawful Taking conviction, and had argued to the jury that Ms. Powell was, therefore, not a credible witness. *Id.*

Based on the PCRA court's assessment of the evidence, we affirm its conclusion that Appellant failed to establish each prong of the ineffective assistance of counsel test. However, we do so on a different basis. *See Commonwealth v. Lynch*, 820 A.2d 728, 730 n.3 (Pa. Super. 2003) (noting that "[w]e may affirm the trial court on any ground"). We find that Appellant cannot establish the third prong of the ineffectiveness test, *i.e.*, he suffered prejudice as a result of counsel's omission.

We agree with the PCRA court that *Cole* is factually distinguishable and find persuasive the analyses provided in *Robinson*, *McCoy*, and *Alston*, where the petitioners could not establish prejudice in light of defense counsels' invocation of *crimen falsi* during cross-examination and closing arguments and the other inculpatory evidence admitted at trial. Here, as in *McCoy*, both the Commonwealth and Attorney Sanders examined Ms. Powell about her Theft by Unlawful Taking conviction and her plea agreement with the Commonwealth. Attorney Sanders extensively cross-examined Ms. Powell in an attempt to impeach her credibility. *See* N.T. Trial, 6/17/19, at, 60-78, 81-82. Further, Attorney Sanders referred during his closing argument to Ms. Powell's Theft by Unlawful Taking conviction as a "crime of infamy," explaining that "it indicates a tendency, a character trait, to deceive, to fool, that the person doesn't have - - any trouble lying in order to take something from somebody. And you can consider that in determining whether or not to believe the truthfulness of her testimony." N.T. Trial, 6/18/19, at 132. Accordingly, the jury was well-aware, even without a *crimen falsi* instruction, that Ms. Powell's credibility was a primary issue for their determination.

In addition, although Ms. Powell was the only witness to affirmatively identify Appellant as her rapist, the Commonwealth also presented other evidence linking Appellant to the crime, namely, the presence of his DNA on Ms. Powell, Officer Owens's testimony that Ms. Powell's description of her attacker matched Appellant, and the subsequent discovery of Appellant's suitcase in the vicinity of the crime. Thus, we conclude, as we did in

*Robinson*, *McCoy*, and *Alston*, that given the other record evidence presented by the Commonwealth, Appellant cannot prove that, but for counsel's failure to request a *crimen falsi* instruction, there is a reasonable probability the jury would have found him not guilty.

For these reasons, we conclude that there is not a reasonable probability that the result of Appellant's trial would have been different had Attorney Sanders requested a *crimen falsi* jury instruction regarding Ms. Powell's testimony. Therefore, Appellant has not established the prejudice prong of the test for ineffective assistance of counsel. His claim, thus, fails and we affirm the order denying Appellant's relief under the PCRA.[11]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2022

---

[11] Because Appellant has not satisfied the prejudice prong of the test for ineffective assistance of counsel, we need not address his third issue, *i.e.*, whether his counsel had a reasonable strategic basis for not requesting the *crimen falsi* instruction. *Jarosz*, 152 A.3d at 350.

- 15 -