J-S70039-18

2019 PA Super 51

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JOHN BICKERSTAFF :
:
Appellant : No. 3340 EDA 2017

Appeal from the PCRA Order September 22, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005500-2011

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

OPINION BY GANTMAN, P.J.: **FILED FEBRUARY 22, 2019**

Appellant, John Bickerstaff, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546. We affirm the order in part, reverse it in part, vacate the judgment of sentence, and remand for resentencing.

The relevant facts and procedural history of this case are as follows. On February 20, 2011, Appellant shot Victim one time close range outside of a bar, and fled the scene in a car with two other men. Victim sustained injuries to his right back and chest, just inches from his heart, cracked ribs, punctured lungs, and required extensive surgery. Victim survived the attack. The Commonwealth charged Appellant with attempted murder, aggravated assault, conspiracy, firearms not to be carried without a license, carrying

firearms in public in Philadelphia, possessing an instrument of crime ("PIC"), simple assault, and recklessly endangering another person ("REAP"). The Commonwealth did not charge Appellant with attempted murder resulting in serious bodily injury and did not put Appellant on notice that the Commonwealth intended to pursue serious bodily injury related to the attempted murder charge. The criminal complaint and information did not allege Appellant caused serious bodily injury to Victim in connection with the attempted murder and the court did not instruct the jury to render a finding on whether serious bodily injury occurred with the criminal attempted murder.

The only mention of serious bodily injury related to the attempted murder charge was in the jury verdict sheet which contained an interrogatory to be answered if the jury found Appellant guilty of attempted murder. The interrogatory stated, "Answer Only If Your Verdict On Attempted Murder Is Guilty[:] Do you find that the Complainant suffered serious bodily injury?" (*See* Verdict Report, dated 2/29/12, at 1; R.R. at 62.) Trial counsel did not object to the interrogatory.

The jury convicted Appellant on February 29, 2012, of attempted murder, aggravated assault, PIC, firearms not to be carried without a license, and carrying firearms in public in Philadelphia. After the jury found Appellant guilty of attempted murder, the jury also answered, "Yes," to the verdict interrogatory on serious bodily injury related to the attempted murder. On April 20, 2012, the court sentenced Appellant to an aggregate term of twenty

(20) to forty (40) years' incarceration, which included an enhanced sentence for attempted murder/serious bodily injury of twenty (20) to forty (40) years. This Court affirmed the judgment of sentence on April 21, 2014; on October 6, 2014, our Supreme Court denied allowance of appeal. **Commonwealth v. Bickerstaff**, 102 A.3d 535 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 627 Pa.769, 101 A.3d 784 (2014).

Appellant timely filed his first and current *pro se* PCRA petition on May 7, 2015, and an amended *pro se* petition on November 17, 2015. After entering an appearance on behalf of Appellant on October 4, 2016, private counsel filed an amended petition on January 23, 2017. On May 30, 2017, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing, per Pa.R.Crim.P. 907, and Appellant filed a counseled response to the Rule 907 notice on June 16, 2017. The PCRA court denied and dismissed Appellant's petition on September 22, 2017. Appellant filed a timely notice of appeal on October 9, 2017. On October 16, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises the following issues on appeal:

> WHETHER [APPELLANT] WAS ENTITLED TO AN EVIDENTIARY HEARING ON HIS **STRICKLAND**[1] BASED CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL…?

---

[1] **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO TRIAL AFTER CHARGES WERE DISMISSED FOR LACK OF EVIDENCE FOLLOWING A PRELIMINARY HEARING?

WHETHER TRIAL COUNSEL WAS INEFFECTIVE WHERE HE FAILED TO OBJECT TO THE IMPOSITION OF A SENTENCE OF 20-40 YEARS FOR ATTEMPTED MURDER RESULTING IN SERIOUS BODILY INJURY WHEN THE FACTS SUPPORTING THE SENTENCE WERE NOT SET FORTH IN THE INFORMATION?

WHETHER THE PCRA COURT ERRED AND DENIED DUE PROCESS OF LAW WHEN IT REFUSED TO VACATE AN ILLEGAL SENTENCE?

(Appellant's Brief at 2).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335

(Pa.Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must

- 5 -

> show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [**Kimball, supra**], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

Appellant argues that the PCRA court should have held an evidentiary hearing on all of his claims of ineffective assistance of counsel. Appellant contends trial counsel was ineffective for several reasons. First, Appellant alleges trial counsel failed to conduct a reasonable pretrial investigation. If trial counsel had done so, Appellant insists trial counsel would have discovered Jamal Allen, who could testify that Appellant was not the shooter. Appellant further asserts he has not previously litigated this claim. Appellant concludes he is entitled to some form of relief. We disagree.

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence: "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). The PCRA defines "previous litigation" as follows:

### § 9544. Previous litigation and waiver

**(a) Previous litigation.**—For purposes of this subchapter, an issue has been previously litigated if:

\* \* \*

> (2)   the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or
>
> (3)   it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.

42 Pa.C.S.A. § 9544(a)(2-3).  Nevertheless, "a reviewing court must consider and substantively analyze an ineffectiveness claim as a distinct legal ground for PCRA review because[,] while an ineffectiveness claim may fail for the same reasons that the underlying claim faltered on direct review, the Sixth Amendment basis for ineffectiveness claims technically creates a separate issue for review under the PCRA." ***Commonwealth v. Tedford***, 598 Pa. 639, 662, 960 A.2d 1, 14 (2008) (internal citation and quotation marks omitted).

Instantly, on direct appeal this Court considered and rejected Appellant's underlying after-discovered evidence claim related to Jamal Allen. In rejecting Appellant's claim, this Court stated:

> …Appellant was required to demonstrate that he could not have obtained this evidence prior to the conclusion of the trial by the exercise of reasonable diligence.  However, Appellant's *pro se* brief prevents him from establishing this element.  In his brief, Appellant states that Mr. Allen was a co-worker of Appellant's, was a person known to Appellant, and was present at the time of the shooting. The only basis Appellant provides for failing to obtain this "evidence" sooner was that Mr. Allen did not want to get involved.  We conclude that Appellant has fallen woefully short of establishing that the evidence contained in Mr. Allen's affidavit could not have been obtained through the exercise of reasonable diligence.
>
> It is well-settled that after-discovered evidence is new evidence, of which the appellant was unaware, that comes to light after trial.  While Mr. Allen may have been reticent

- 7 -

> to testify, Appellant certainly could have subpoenaed the alleged exculpatory evidence. The rationale that Mr. Allen did not want to testify or would have been uncooperative if called as a witness does not equate to the alleged testimony being unavailable.

***Bickerstaff, supra*** at 6 (internal citations omitted). Because Appellant's underlying claim lacks arguable merit, he fails to meet the first prong of the test for ineffective assistance of counsel. ***See Williams, supra***; ***Kimball, supra***; ***Pierce, supra***. Therefore, counsel cannot be deemed on PCRA review as ineffective for failing to pursue a meritless claim. ***See Poplawski, supra***.

In his second issue, Appellant avers trial counsel allowed Appellant's case to proceed to trial despite the Municipal Court's dismissal of Appellant's charges for lack of evidence after an initial preliminary hearing. Appellant further alleges there was no second preliminary hearing after the Commonwealth refiled the charges. Appellant asserts this lack of a second preliminary hearing denied him his due process rights. Appellant maintains no reasonable attorney would have failed to move to quash the second information. Appellant concludes he is entitled to some form of relief. We disagree.

Instantly, the PCRA court reasoned as follows:

> [Appellant] claims that trial counsel's performance was deficient for "failing to object to trial after his discharge following a preliminary hearing." This claim is meritless. Indeed, [Appellant] was discharged by Municipal Court Judge Harvey Robbins following his first preliminary hearing on March 10, 2011. However, the charges were refiled and [Appellant] was held for court on May 12, 2011, following a preliminary hearing before Common Pleas Court Judge

- 8 -

> Frank Palumbo. Thus, contrary to [Appellant's] assertion, trial counsel cannot be deemed ineffective for failing to file a meritless motion to quash.

(PCRA Court Opinion, filed February 12, 2018, at 8). The record supports the trial court's analysis and belies Appellant's claim. Therefore, counsel cannot be deemed on PCRA review as ineffective for failing to pursue this claim. *See Poplawski, supra*.

In his third and fourth issues, Appellant asserts that trial counsel failed to protect Appellant against the imposition of an illegal sentence for attempted murder/serious bodily injury. Appellant alleges his sentence of 20 to 40 years' imprisonment is unlawful, as it exceeds the maximum penalty of 20 years' imprisonment for attempted murder as charged, without serious bodily injury. Appellant argues the Commonwealth did not give Appellant notice of its intent to prove serious bodily injury related to attempted murder, which increases the statutory maximum penalty for the attempted murder offense and must be proved beyond a reasonable doubt in connection with the attempted murder, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Appellant insists the criminal information charged only attempted murder, the trial court did not give the jury an instruction on attempted murder/serious bodily injury, and the jury instruction on serious bodily injury related to aggravated assault was insufficient to cure the deficiencies in the attempted murder charge. Appellant submits the short special interrogatory on the verdict sheet alone was insufficient to merit the

enhanced sentence he received. Appellant concludes trial counsel was ineffective for failing to object to the enhanced sentence under these circumstances, and the PCRA court erred in failing to vacate the illegal sentence imposed for Appellant's attempted murder conviction. Appellant concludes he is entitled to some form of relief.

In response, the Commonwealth contends it presented overwhelming and uncontroverted evidence that Victim suffered from a serious bodily injury. The Commonwealth additionally alleges that Appellant stipulated to medical records establishing Victim's serious bodily injury. The Commonwealth concludes that although the trial court imposed an enhanced sentence for attempted murder without an explicit jury instruction of related serious bodily injury, the trial court's error was harmless, and provides no basis for relief, so trial counsel cannot be deemed ineffective on this ground. For the following reasons, we agree with Appellant's contentions.

A challenge to the legality of a sentence is a question of law. ***Commonwealth v. Barnes***, 167 A.3d 110, 116 (Pa.Super. 2017) (*en banc*). Thus, our standard of review is *de novo* and our scope of review is plenary. ***Id.*** This Court has observed:

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute,

> the sentence is illegal and should be remanded for correction.

***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa.Super. 2013) (internal citations and quotation marks omitted).

Pennsylvania Rule of Criminal Procedure 560 describes the content of a criminal information and requires "a plain and concise statement of the essential elements of the offense substantially the same as **or cognate to** the offense alleged in the complaint." Pa.R.Crim.P. 560(B)(5) (emphasis added).

> [Informations] must be read in a common sense manner and are not to be construed in an overly technical sense. The purpose of the [information] is to provide the accused with sufficient notice to prepare a defense, and to [ensure] that he will not be tried twice for the same act.

***Commonwealth v. Ohle***, 503 Pa. 566, 588, 470 A.2d 61, 73 (1983) (internal citations and quotation marks omitted). "A criminal information is not constitutionally infirm if it notified the defendant of the crime with which he is charged." ***Commonwealth v. Jones***, 590 Pa. 202, 237, 912 A.2d 268, 289 (2006). "Variations between allegations and proof at trial are not fatal unless a defendant could be misled at trial, prejudicially surprised in efforts to prepare a defense, precluded from anticipating the prosecution's proof, or otherwise impaired with respect to a substantial right." ***Commonwealth v. Kelly***, 487 Pa. 174, 178, 409 A.2d 21, 23 (1979). ***Accord Ohle, supra*** at 589, 470 A.2d at 73; ***Commonwealth v. Zullinger***, 676 A.2d 687, 689 (Pa.Super. 1996).

A defendant can be convicted of an uncharged lesser-included offense if

the defendant had "fair notice and an opportunity to present an adequate defense." ***Commonwealth v. Houck***, 102 A.3d 443, 450 (Pa.Super. 2014) (citing ***Commonwealth v. Pemberth***, 489 A.2d 235, 237 (Pa.Super. 1985)). "This end has frequently been achieved in one of two ways: either the Commonwealth will give an accused express notice by charging him with the less culpable offense or it will give him implicit notice through the information where the proven, but uncharged crime is a lesser-included offense of the charged, but unproven, offense." ***Id.***

The Pennsylvania Consolidated Statutes define the sentence for attempted murder as follows:

> **§ 1102.  Sentence for murder, murder of unborn child and murder of law enforcement officer**
>
> \*    \*    \*
>
> **(c)    Attempt,    solicitation    and    conspiracy.—** Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years.  Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S.A. § 1102(c).

The Commonwealth must give a defendant notice that it seeks to prove serious bodily injury in order for the 40-year maximum sentence for attempted murder to apply.  ***Barnes, supra***.  "Serious bodily injury is a fact that must

be proven before a maximum sentence of [40] years may be imposed for attempted homicide." *Id.* at 117. *See also Commonwealth v. Johnson*, 910 A.2d 60 (Pa.Super. 2006), *appeal denied*, 592 Pa. 766, 923 A.2d 1173 (2007) (stating jury has sole responsibility to find beyond reasonable doubt whether serious bodily injury resulted from attempted murder offense). Further, "any finding by the jury of serious bodily injury for aggravated assault could not be used to infer that the jury found serious bodily injury for the attempted murder charge." *Barnes, supra* at 119.

In *Barnes, supra*, the defendant strangled the victim, broke a vertebra in her neck, and dumped her unconscious body in a dumpster. A jury convicted Barnes of attempted murder, aggravated assault, kidnapping, and REAP. The court sentenced Barnes, *inter alia*, to the enhanced sentence of 20 to 40 years' incarceration for attempted murder/serious bodily injury. On appeal, Barnes challenged as illegal the 40-year maximum enhanced sentence on the grounds that the Commonwealth had not charged Barnes with attempted murder/serious bodily injury, the Commonwealth did not put Barnes on notice it sought to prove attempted murder/serious bodily or to invoke the enhanced sentence, and the jury received no instructions on attempted murder/serious bodily injury. Barnes further alleged that, in violation of *Apprendi, supra*, the jury had not determined serious bodily injury resulted from the attempted murder. Yet, the court imposed the enhanced sentence for attempted murder/serious bodily injury because the

court attributed serious bodily injury to attempted murder where the Commonwealth had proved serious bodily injury only for aggravated assault.

An *en banc* panel of this Court agreed with Barnes' contentions. The panel vacated Barnes' sentence, reasoning the Commonwealth had failed to provide Barnes with notice of its intent to seek the enhanced 40-year sentence, where the charges, complaint, information, jury instructions, and verdict sheet lacked the element of serious bodily injury related to attempted murder. Additionally, the panel concluded that a jury finding of serious bodily injury for aggravated assault could not be used to infer a jury finding of serious bodily injury for attempted murder. **See Barnes, supra**.

In **Johnson, supra**, the defendant fired a gun at the victim's head and missed. After firing several more shots, Johnson struck the victim in the heel of her foot. A jury convicted Johnson of attempted murder and aggravated assault, among other crimes. The court imposed an enhanced sentence of 17½ to 40 years' imprisonment for the attempted murder conviction, reasoning that the jury's finding of serious bodily injury associated with the aggravated assault conviction also established serious bodily injury for the attempted murder conviction. On appeal, Johnson contested the 40-year maximum sentence as illegal, because the Commonwealth failed to prove that the victim suffered serious bodily injury in connection with the attempted murder conviction.

In keeping with **Apprendi, supra**, this Court said: "[I]t was not the

prerogative of the trial court, but solely the responsibility of the jury…to find, beyond reasonable doubt, whether a serious bodily injury resulted from the instant attempted murder." **Johnson, supra** at 67. In arriving at its decision, this Court emphasized the Commonwealth: (1) had not charged Johnson with attempted murder/serious bodily injury; (2) had not put Johnson on notice that the Commonwealth would try to prove attempted murder/serious bodily injury; (3) did not prosecute Johnson for attempted murder/serious bodily injury; (4) did not request and the court did not instruct the jury on serious bodily injury associated with the attempted murder offense; and (5) did not ask the jury to render a verdict on that question. The **Johnson** Court concluded the jury verdict was limited to a finding of guilty on the crime of attempted murder generally, which carried a maximum sentence of only 20 years. Accordingly, this Court affirmed the convictions but vacated the entire judgment of sentence and remanded for re-sentencing on all outstanding convictions.

Instantly, as in **Barnes, supra** and **Johnson, supra**, the Commonwealth charged Appellant with only attempted murder generally and did not include the element of serious bodily injury in the criminal complaint or information. The Commonwealth also failed to put Appellant on notice that the Commonwealth intended to prove attempted murder/serious bodily injury at trial. The Commonwealth did not prosecute Appellant for attempted murder/serious bodily injury. Furthermore, the court did not instruct the jury

on serious bodily injury related to the attempted murder offense. Instead, the court gave a jury instruction only on serious bodily injury related to aggravated assault. Here, Appellant was essentially ambushed with the verdict sheet's special interrogatory that raised for the first time a question about serious bodily injury in connection with attempted murder. Prior to the interrogatory, Appellant had no warning that there was even an issue of serious bodily injury associated with attempted murder. The charges, complaint, information, and jury instructions for attempted murder made no mention of associated serious bodily injury. Absent more, this surprise interrogatory was not enough to put Appellant on notice to defend against attempted murder/serious bodily injury. *See Ohle, supra*. Due to this lack of notice and Appellant's resultant inability to defend, counsel should have objected to the interrogatory before the jury deliberated. Counsel had no rational basis for failing to object to the interrogatory, given the lack of notice, and counsel's failure to object prejudiced Appellant, because it caused Appellant to endure a conviction for attempted murder with serious bodily injury and set Appellant up to face a maximum sentence of 40 years for that offense, rather than 20 years for attempted murder generally. Moreover, when the court imposed the enhanced sentence for attempted murder/serious bodily injury, based solely on the jury's response to the interrogatory, counsel again failed to object. Thus, we agree with Appellant's contention that trial counsel was ineffective for failing to protect Appellant from the sentence

enhancement for attempted murder/serious bodily injury. *See Kimball, supra*.

Furthermore, we reject the Commonwealth's contention that the imposition of an enhanced sentence for attempted murder/serious bodily injury in this case was harmless error. We recognize that in *Barnes, supra* and *Johnson, supra*, there was no special interrogatory on the jury verdict sheet. Nevertheless, a similar error occurred here, when the jury was asked for the first time to take the serious bodily injury associated with the aggravated assault offense and transfer it to the attempted murder offense, which is just another form of the impropriety denounced in *Barnes, supra* and *Johnson, supra*. We conclude the special interrogatory presented to the jury did not serve to mitigate the fundamental injustice in the present case. Therefore, we decline the Commonwealth's specious invitation to declare the error harmless.

Based upon the foregoing, we hold the PCRA court properly rejected Appellant's complaints of trial counsel's ineffectiveness concerning the "absent witness" and the "second preliminary hearing"; and Appellant is not entitled to relief on those issues. We hold, however, that trial counsel was ineffective for failing to protect Appellant from the sentence enhancement for attempted murder/serious bodily injury. Thus, we vacate the enhanced sentence for attempted murder/serious bodily injury as an illegal sentence. *See Infante, supra*. Because our decision necessarily affects the entire sentence, we

vacate the judgment of sentence in its entirety and return this case to the trial court for resentencing. Accordingly, we affirm the PCRA order in part, reverse it in part, vacate the judgment of sentence, and remand for resentencing without the enhancement for the attempted murder conviction.

Order affirmed in part and reversed in part; judgment of sentence is vacated and the case is remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/19