J-S06026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN BICKERSTAFF :
:
Appellant : No. 1116 EDA 2021

Appeal from the Judgment of Sentence Entered January 26, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005500-2011

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 13, 2022**

John Bickerstaff appeals from the judgment of sentence imposed after this Court granted post-conviction relief in the form of resentencing. Bickerstaff argues his preliminary hearing offended his rights to due process and confrontation and the jury verdict was against the weight of the evidence. Because Bickerstaff's issues do not relate to his resentencing, they are not properly before the Court. We therefore affirm.

Our disposition of this case is controlled by its procedural history. In 2012, a jury convicted Bickerstaff of attempted murder and related offenses stemming from the shooting of Michael Dowling.[1] **See** Trial Court Opinion, filed July 12, 2021, at 2. The court sentenced Bickerstaff to an aggregate term

---

[1] The jury found Bickerstaff guilty of Attempted Murder, Aggravated Assault, Possession of an Instrument of Crime, Firearms not to be Carried Without a License, and Carrying Firearms in Public. **See** 18 Pa.C.S.A. §§ 901(a), 2702(a), 907(a), 6106(a)(1), and 6108, respectively.

of 20 to 40 years' imprisonment. Bickerstaff filed a timely notice of appeal, and this Court affirmed the judgment of sentence. Bickerstaff filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied.

Bickerstaff filed a timely *pro se* Post-Conviction Relief Act ("PCRA") petition in 2015. **See** 42 Pa.C.S.A. §§ 9541-9546. The PCRA court dismissed the petition, and Bickerstaff appealed. This Court found merit to Bickerstaff's argument that his sentence for attempted murder exceeded the lawful maximum because the Commonwealth had not given him notice of its intent to prove serious bodily injury related to the attempted murder. **See Commonwealth v. Bickerstaff**, 204 A.3d 988, 994-98 (Pa.Super. 2019). We vacated the entire judgment of sentence and remanded for resentencing. We did not in any way upset the conviction. The Supreme Court denied Bickerstaff's petition for allowance of appeal, and the case returned to the trial court.

Prior to resentencing, Bickerstaff filed a Petition for Habeas Corpus and an Amended Petition for Habeas Corpus, claiming the Commonwealth failed to present a *prima facie* case at Bickerstaff's preliminary hearing. The trial court denied the Petition,[2] and resentenced Bickerstaff to an aggregate sentence of ten and one-half to 21 years' imprisonment. Bickerstaff filed a post-sentence motion, again challenging the preliminary hearing. The motion was denied by operation of law.

---

[2] **See** N.T., Resentencing, 1/26/21, at 9.

Bickerstaff filed a timely notice of appeal. He describes his issue as follows:

> Did the lower court err by denying [Bickerstaff's] post-sentence motion as he was never identified as the shooter at either preliminary hearing where only hearsay testimony was used to connect him to the crime; his right to confront and cross-examine witnesses, right to counsel and his due process rights were violated? Moreover, [Bickerstaff] asserts that the subsequent trial did not cure these defects as the guilty verdict was against the weight of the evidence as evidence was presented that the co-defendant was previously identified, in-court, as the shooter.

Bickerstaff's Br. at 7.

Bickerstaff argues that because the Commonwealth used solely hearsay testimony to identify him as the shooter at the preliminary hearing, he was denied the right to due process and confrontation. *Id.* at 23 (citing *Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020)). Bickerstaff acknowledges this Court had remanded the case for the limited purpose of resentencing, but nonetheless requests we "reach the merits of his *McClelland* claim due to the severity of the defects at the preliminary hearing" and because it "would be in line with notions of fair play and in the interest of justice." *Id.* at 24. He also claims this issue is not waived for failure to raise it after the preliminary hearing, because *McClelland* had not yet been decided at the time. Bickerstaff's Reply Br. at 7.

Bickerstaff further argues the verdicts were against the weight of the evidence because the eyewitness who identified Bickerstaff at trial as the shooter had not done so at the first preliminary hearing and there was no DNA

or fingerprint evidence linking Bickerstaff to the firearm used in the murder, which was recovered from the trunk of a car registered in someone else's name. Bickerstaff's Br. at 20-22. He asserts that although he raised his weight claim in his first appeal and then abandoned it in his brief, this claim is not waived because he "is not directly making a traditional weight argument" but including it "for the purpose of showing that the due process/confrontation clause violations and complete lack of evidence establishing a *prima facie* case at the preliminary hearings, were defects that were not cured by the trial." ***Id.*** at 25.

We cannot reach the merits of Bickerstaff's issues. When this case was last before us, we did not expand Bickerstaff's direct appeal rights or disturb his conviction, but only granted relief in the form of remand for resentencing. ***Bickerstaff***, 204 A.3d at 998. We are therefore limited to matters stemming from the resentencing. ***See Commonwealth v. Cook***, 175 A.3d 345, 350 (Pa.Super. 2017) (holding, on appeal following remand for the correction of an illegal sentence, appellant could not raise challenges to guilt phase of trial). Neither an attack on the propriety of his preliminary hearing nor a challenge to the weight of the evidence stem from Bickerstaff's resentencing.

Even if this were Bickerstaff's direct appeal from his initial judgment of sentence, we would not grant relief on his ***McClelland*** claim. In ***McClelland***, the defendant filed an appeal from the order denying the motion seeking a writ of habeas corpus dismissing the charges following the preliminary hearing. ***McClelland***, 233 A.3d at 725. The Supreme Court held that hearsay

- 4 -

evidence alone is insufficient to establish a *prima facie* case at a preliminary hearing. ***Id.*** at 721.

Bickerstaff, however, did not present this issue on an appeal from the denial of habeas corpus following his preliminary hearing. Instead, Bickerstaff proceeded to trial, where his jury conviction superseded the preliminary hearing and mooted any defects in the preliminary hearing. ***See Commonwealth v. Haney***, 131 A.3d 24, 36 (Pa. 2015) (finding challenge to evidence offered at preliminary hearing rendered moot by subsequent jury conviction). Therefore, even if Bickerstaff had raised the ***McClelland*** issue on direct appeal from his initial judgment of sentence, it would not have provided a basis for relief. ***See Commonwealth v. Rivera***, 255 A.3d 497, 503 (Pa.Super. 2021) ("the Supreme Court did not intend to extend ***McClelland***'s holding to cases such as this one, where the complained-of defect in the preliminary hearing is subsequently cured at trial"), *reargument denied* (July 29, 2021), *appeal granted*, No. 494 MAL 2021, 2022 WL 536442 (Pa. Feb. 23, 2022).[3]

Judgment of sentence affirmed.

Judge King joins the memorandum.

Judge Kunselman files a concurring statement.

_____

[3] Bickerstaff's weight claim, which is meritless in any event, does not change the analysis. ***See Commonwealth v. Upshur***, 764 A.2d 69, 74 (Pa.Super. 2000) (*en banc*) (stating that it is solely for the jury to determine the credibility of witnesses and to resolve any conflicts or inconsistencies in the evidence).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/13/2022*