J-S09012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE FOWLER | : | |
| | : | |
| Appellant | : | No. 1155 WDA 2022 |

Appeal from the PCRA Order Entered August 31, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002536-2010

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: MAY 18, 2023**

Appellant, Terrance Fowler, appeals *pro se* from the August 31, 2022 order denying, as untimely, his fourth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In this Court's decision affirming the denial of Appellant's third PCRA petition, we explained:

Fowler was tried by a jury for his role in a July 7, 2010 jewelry store robbery. The store owner testified that two masked men with guns entered the store and demanded that he open the safe. When he refused, one of the men shot him. The two men then took several silver certificates and fled. The store owner ultimately survived.

Because the store owner could not identify the masked robbers, the Commonwealth's case depended on a witness who lived near the jewelry store. He testified that he saw Fowler and another man park a car near his house then walk toward the store. They came back ten minutes later and drove away but soon returned and walked back toward the store. Growing suspicious, the witness wrote down the car's license plate number. About 15 minutes later, Fowler and the other man ran back to the car and

drove away. The police traced the car to Fowler's home and spoke to him. He told the police that he had been in control of the car all day. The police later discovered one of the stolen silver certificates where Fowler had parked his car near the jewelry store.

The jury convicted Fowler of attempted murder, aggravated assault, conspiracy to commit robbery[,] and possessing instruments of crime. He was sentenced to an aggregate term of 27½ to 55 years' imprisonment[,] and we affirmed the judgment of sentence on direct appeal. *Commonwealth v. Fowler*, 53 A.3d 923 (Pa. Super. 2012) (unpublished memorandum). In April 2013, Fowler filed his first PCRA petition. The PCRA court denied the petition[,] and we affirmed. *Commonwealth v. Fowler*, 100 A.3d 294 (Pa. Super. 2014) (unpublished memorandum). After an unsuccessful *habeas* petition in federal court, Fowler filed a second PCRA petition in March 2018 that was denied as untimely; we again affirmed on appeal. *Commonwealth v. Fowler*, No. 1162 WDA 2018 (Pa. Super. 2019).

On September 11, 2019, Fowler filed his third PCRA petition to assert an after-discovered evidence claim under 42 Pa.C.S. § 9543(a)(2)(vi).

*Commonwealth v. Fowler*, No. 170 WDA 2020, unpublished memorandum at *1-3 (Pa. Super. filed Sept. 8, 2020). Ultimately, the PCRA court denied Fowler's third petition, and this Court affirmed on appeal. *Id.*

On July 5, 2022, Fowler filed a *pro se* document entitled, "Petition to Correct Illegal Sentence Based Upon Fraud Committed on the Court," which the PCRA court treated as his fourth *pro se* PCRA petition. The Commonwealth filed a response to Fowler's petition, arguing that it should be dismissed as untimely. On August 4, 2022, the PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Fowler's petition without a hearing, agreeing with the Commonwealth that it was untimely. Fowler did not respond, and on August 31, 2022, the court issued an order dismissing his petition.

Fowler filed a timely, *pro se* notice of appeal. The court thereafter ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied. Herein, Fowler states one issue for our review:

1. Did the PCRA court have jurisdiction to correct an illegal sentence using its inherent power where … [Fowler] was never charged with []serious bodily injury[] as it relates to attempted murder, but his sentence was enhanced based upon misrepresentations [(]fraud[)] by the Commonwealth that [the charge] included serious bodily injury?

Fowler's Brief at 5.

We begin by recognizing that our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Fowler's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

- 3 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Fowler's judgment of sentence became final in 2012, and thus, his petition filed in 2022 is patently untimely. For this Court to have jurisdiction to review the merits thereof, Fowler must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). For the following reasons, he fails to meet this burden.

Fowler contends that his "judgment of sentence was procured by fraud where the Commonwealth allowed the trial court to enhance [his] sentence knowing that [he] was never charged with [a]ttempted [m]urder (serious bodily injury), the element that is necessary for the court to enhance the

maximum sentence." Fowler's Brief at 10.[1] Fowler also claims that the Commonwealth failed to notify him that "it intended to seek a maximum sentence as he was not charged with attempted murder as it relates to serious bodily injury." *Id.* at 13-14.

Notably, Fowler does not explain which timeliness exception his sentencing challenge satisfies. Instead, he suggests that the PCRA timeliness requirements do not apply to his claim that his sentence was procured by fraud, because a sentence premised on fraud constitutes an obvious or patent mistake that a trial court has the inherent jurisdiction to correct at any time. *See id.* at 12; *see Commonwealth v. Cole*, 263 A.2d 339, 341 (Pa. 1970) (finding that a court has the inherent power "to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of" the 30 days after the entry of an order during which the court has the power to modify or rescind it under 42 Pa.C.S. § 5505).

---

[1] "[A] person who has been convicted of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years." 18 Pa.C.S. § 1102(c). "The Commonwealth must give a defendant notice that it seeks to prove serious bodily injury in order for the 40-year maximum sentence for attempted murder to apply." *Commonwealth v. Bickerstaff*, 204 A.3d 988, 996 (Pa. Super. 2019) (citations omitted).

Fowler's argument is incorrect. It is well-settled that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Additionally, this Court has held that "when the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). Thus, even if Fowler's sentencing claim constituted a patent and obvious error, the PCRA court did not possess inherent jurisdiction to correct that error ten years after his judgment of sentence became final. Instead, Fowler was required to demonstrate that he meets a timeliness exception in order for the court to have jurisdiction to review his underlying claim that his sentence is premised on fraud. Fowler cannot do so. Clearly, Fowler knew about this purported "fraud" in his sentence when it was imposed in 2012 and, therefore, he could have raised this claim earlier – *i.e.*, on direct appeal, or in one of his three prior PCRA petitions. Consequently, Fowler cannot demonstrate that he acted with due diligence in presenting this sentencing claim, or that any timeliness exception applies. Therefore, the PCRA court did not err in dismissing Fowler's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2023