J-S43010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SERGIO BENSON | : | |
| | : | |
| Appellant | : | No. 684 EDA 2022 |

Appeal from the PCRA Order Entered March 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001891-2014

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 21, 2023**

Appellant, Sergio Benson, appeals from the March 3, 2022 order that denied his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. In addition, Appellant's appointed counsel, Stephen O'Hanlon, Esq. ("PCRA Counsel"), has filed a Motion to Withdraw as Counsel and an accompanying ***Turner/Finley***[1] "no-merit" Brief. After review, we vacate and remand for further proceedings.

On November 19, 2013, the Commonwealth charged Appellant with Murder and Possessing an Instrument of Crime ("PIC") for the stabbing death of Antonio Rivera ("Victim"). Police arrested Appellant after he was identified

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.3d 213 (Pa. Super. 1988) (*en banc*).

on surveillance video stabbing Victim and gave an inculpatory statement to police.

On January 23, 2018, Appellant entered a negotiated guilty plea to Third-Degree Murder and PIC and the court sentenced him to an aggregate sentence of 20 to 40 years' incarceration. Joshua M. Briskin, Esq. ("Plea Counsel") represented Appellant during the plea proceedings. No appeal followed.

Appellant filed a timely *pro se* PCRA petition. After the PCRA court appointed counsel to represent Appellant, PCRA Counsel filed an amended petition asserting that Plea Counsel had been ineffective. Specifically, the petition averred that Appellant requested that Plea Counsel file an appeal and Plea Counsel failed to do so.

On March 3, 2022, the PCRA court held an evidentiary hearing. Appellant testified on his own behalf and was the only witness. In sum, Appellant testified that Plea Counsel informed Appellant that he had communicated with the Philadelphia District Attorney's ("DA") Office to secure a sentence of 10 to 20 years of imprisonment for Appellant. Specifically, Appellant testified that Plea Counsel asked him for an extra $10,000 on top of his $20,000 retainer because he had set up a "clandestine meeting" with the then-district attorney and a supervising assistant district attorney ("ADA") and had paid them off in return for the 10- to 20-year deal. N.T. PCRA Hearing, 3/3/22, at 19-20. Appellant further testified that at the plea hearing, Plea Counsel recommended that he accept the plea offer of 20 to 40 years and said

"don't worry" about the inconsistency with the alleged agreed-upon term because Plea Counsel would contact the DA's office after the plea was entered to "take care of it" by contacting the supervising ADA and/or filing for reconsideration or an appeal. *Id.* at 17-18. Appellant explained that a week after the plea hearing, Plea Counsel informed him that the supervising ADA had been fired and "the deal is out the window." *Id.* at 19. Finally, and most relevant to our disposition here, Appellant testified that he asked Plea Counsel to file an appeal and Plea Counsel failed to do so. *Id.* at 28.

Notably, neither Appellant nor the Commonwealth called Plea Counsel as a witness, even though the PCRA court had contacted Plea Counsel via telephone at the start of the hearing to confirm his availability.

At the end of the PCRA hearing, the PCRA court found Appellant's "testimony to be completely incredible" and denied Appellant's PCRA petition. *Id.* at 41.

Appellant timely appealed. PCRA Counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to withdraw. The PCRA court filed a "Notice of Compliance With Rule of Appellate Procedure 1925(A)," which relied on the court's reasons stated on the record at the conclusion of the PCRA hearing to support its decision.

In this Court, PCRA Counsel filed a *Turner/Finley* Brief, and raised the following issue:

> The PCRA court's dismissal of Appellant's PCRA Petition was not supported by the record and free from legal error because Appellant requested that a direct appeal be filed by Plea Counsel

[who] told Appellant what to say during the oral guilty plea colloquy and Appellant should have had a 10 to 20 year sentence that was agreed to by [Plea Counsel] and former district attorneys [].

*Turner/Finley* Br. at 3. Plea Counsel also filed a motion to withdraw as counsel.

In response to Plea Counsel's *Turner/Finley* Brief, Appellant filed a *pro se* Brief for Appellant. In his brief, *pro se* Appellant raises various issues for our review.[2] Dispositive of the instant case is Appellant's averment that PCRA Counsel was ineffective. Appellant's Br. at 6. Specifically, Appellant argues that PCRA counsel was ineffective for failing to present Plea Counsel's testimony during Appellant's PCRA hearing. *Id.*

We presume that counsel has rendered effective assistance. *Commonwealth v. Bickerstaff*, 204 A.3d 988, 992 (Pa. Super. 2019). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Bradley*, 261 A.3d 381, 390 (Pa. 2021).

Appellant's assertion—that PCRA Counsel was ineffective for failing to properly present evidence to prove Plea Counsel's ineffectiveness—presents a

---

[2] Appellant asserts that PCRA Counsel failed to comply with the *Turner/Finley* requirements, that he was denied his constitutional right to a direct appeal, and that he did not knowingly, intelligently, and voluntarily enter his guilty plea due to his impaired mental condition at the time of the plea. Appellant's Br. at 2.

layered ineffectiveness claim. "Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." *Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010).

Relevant here, our Supreme Court has held that "where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999) (footnote omitted). This "denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9[.]" *Id.* The Supreme Court concluded that this constitutes prejudice and *per se* ineffectiveness for PCRA purposes. *Id.*

Before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, however, Appellant must prove that he requested an appeal and that counsel disregarded this request. *Commonwealth v. Touw*, 781 A.2d

1250, 1254 (Pa. Super. 2001). If proven, a defendant is entitled to reinstatement of his appellate rights. *Lantzy*, 736 A.2d at 572.

Finally, where an appellant raises a claim of PCRA counsel ineffectiveness for the first time on appeal, this Court has "the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." *Bradley*, 261 A.3d at 403. We will remand "where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law[.]" *Id.* at 402 (citation and internal alteration omitted). Additionally, we are mindful of the "general rule" that "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." *Commonwealth v. Colavita*, 993 A.2d 874, 895 (Pa. 2010), *overruled on other grounds*, *Bradley*, 261 A.3d 381.

After careful review, we determine that remand is necessary for further development of the record. Instantly, this Court's analysis of Appellant's claim of PCRA counsel's ineffectiveness must begin with a determination of whether Appellant requested Plea Counsel to file a direct appeal. As explained above, the PCRA court did not hear testimony from Plea Counsel during the PCRA hearing. Rather, PCRA Counsel only presented testimony from Appellant, which the court found to be wholly incredible. *See* N.T. PCRA Hearing, 3/3/22, at 41; Opinion, 7/16/22, at 1.

In light of Appellant's new claim that PCRA Counsel provided ineffective assistance by failing to call Plea Counsel as a witness during the PCRA hearing,

we are unable to evaluate whether the PCRA court erred in dismissing Appellant's petition alleging Plea Counsel's ineffectiveness. Since we cannot analyze the PCRA Court's disposal of Appellant's original claim that Plea Counsel was ineffective, we are likewise unable to review Appellant's new claim that PCRA Counsel was ineffective.

For this reason, we vacate the order denying PCRA relief and remand to the PCRA court for further development of the record. Specifically, the PCRA Court should determine whether PCRA counsel should have called Plea Counsel to testify during the PCRA hearing to ascertain if Plea Counsel was *per se* ineffective. Accordingly, we direct the PCRA court to appoint new PCRA counsel for Appellant, hold a supplemental hearing, and conduct such further proceedings as necessary to address Appellant's layered claims of ineffective assistance of both Plea Counsel and PCRA Counsel.[3] PCRA Counsel's petition to withdraw as counsel is granted to allow him to be a potential witness upon remand.

Order vacated. Petition to withdraw granted. Case remanded. Jurisdiction relinquished.

---

[3] The PCRA court may, if necessary, allow Appellant's new PCRA counsel to file a supplemental PCRA petition to adequately address Plea Counsel and PCRA Counsel's effectiveness.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2023