J-A18045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EMANUEL JOHNSON | : | |
| | : | |
| Appellant | : | No. 1648 EDA 2024 |

Appeal from the PCRA Order Entered May 21, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000292-2018

BEFORE: OLSON, J., DUBOW, J., and BECK, J.

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 7, 2025**

Appellant Emanuel Johnson appeals from the order entered May 21, 2024, in the Philadelphia Court of Common Pleas dismissing without a hearing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

This Court set forth the facts underlying Appellant's conviction in addressing his direct appeal. *See Commonwealth v. Johnson*, 281 A.3d 1090 (Pa. Super. 2022) (unpublished). In summary, on the evening of November 7, 2017, Appellant and another individual fired multiple gun shots at Fa'teem Glenn ("Victim"), striking him seven times in the chest, back, head, hand and arm, causing near fatal injuries, including a collapsed lung, fractured vertebrae, and hand and head damage. As a result, Victim underwent life-saving treatment and numerous surgeries. Both Victim and an eyewitness identified Appellant as the shooter from police investigators' photo arrays.

Following Appellant's arrest and a grand jury investigation, the Commonwealth filed an Information charging, *inter alia*, Criminal Attempt-Murder and Aggravated Assault-Serious Bodily Injury.

At trial, Appellant stipulated to the admission of Victim's medical records and argued that Appellant was not the shooter. After closing arguments and before charging the jury, the court informed counsel that it would add the following special interrogatory to the verdict sheet, "[b]ecause it may apply to the attempted murder as well as aggravated assault [:] Was serious bodily injury caused to [Victim], yes or no." N.T., 11/18/20, at 94-95. Counsel did not object.

Following the jury's guilty verdict, which included its finding that Appellant did cause serious bodily injury, the court sentenced Appellant to an aggregate term of 32½ to 65 years' incarceration, including "the statutory limit of 20 to 40 years" for the attempted murder conviction. N.T. Sent'g, 2/10/2020, at 22. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on December 28, 2022. ***Johnson***, 281 A.3d 1090, *10.

Appellant timely filed this first *pro se* PCRA petition on August 1, 2023. The court appointed counsel, who filed an amended petition, asserting, *inter alia*, that trial counsel provided ineffective assistance by failing "to object when the trial court *sua sponte* included a special interrogatory relating to serious bodily injury and thereafter imposed a serious bodily injury sentencing enhancement for the crime of Attempted Murder." Amended Petition for Post-

Conviction Relief, 10/20/23, at 2. On April 9, 2024, the PCRA court filed a notice of its intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond to the court's notice. The PCRA court dismissed the petition on May 21, 2024.

Appellant timely appealed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement; however, the court filed a Rule 1925(a) opinion.

Appellant raises one issue for our review:

Whether the PCRA Court erred in dismissing [Appellant's] Amended Petition as a matter of law in the situation where [Appellant] demonstrated prejudicial ineffectiveness of counsel under Pennsylvania law.

Appellant's Br. at 6.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

- 3 -

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The "burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

With respect to the prejudice prong, an appellant must establish that, but for counsel's action or inaction, there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Bickerstaff*, 204 A.3d 988, 992–93 (Pa. Super. 2019). In other words, an appellant alleging prejudice "must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 992 (citation omitted).

\* \* \*

Here, Appellant argues that defense counsel provided ineffective assistance by "not objecting when the Court *sua sponte* sought a sentencing enhancement that was not sought by the Commonwealth." Appellant's Br. at 12. He complains that the Commonwealth (1) never notified him "in the information" that it would seek the sentencing enhancement for attempted murder-serious bodily harm pursuant to Section 1102(c); (2) failed to explain the sentencing enhancement to him; and (3) did not request the sentencing enhancement at trial. *Id*. at 10. Appellant explicitly acknowledges that he is not challenging the legality of his sentence. *See id*. at 12 (stating that "[Appellant] does not argue that his sentence is illegal under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)].").[1]

Appellant rests his complaints about the Commonwealth on Section 1102(c) of our Crimes Code, which provides, in relevant part, that

> a person who has been convicted of attempt . . . to commit murder
> . . . where serious bodily injury results *may* be sentenced to a
> term of imprisonment which shall be fixed by the court at not more

---

[1] However, Appellant does argue that the "[c]ourt's *sua sponte* inclusion of a sentencing enhancement, after closing arguments, violates [Appellant's] due process rights under Article I, Section 9 of the Pennsylvania Constitution, as well as the Sixth and Fouteenth Amendments to the United States Constitution." Appellant's Br. at 13-14. Appellant did not include this issue in his PCRA Petition or his amended PCRA petition. It is, thus, waived. Pa.R.A.P. 302(a) (providing that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal); *Coulter v. Ramsden*, 94 A.3d 1080, 1089 (Pa. Super. 2014) (reiterating that "even issues of constitutional dimension cannot be raised for the first time on appeal.").

than 40 years. Where serious bodily injury does not result, the person *may* be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S. § 1102(c) (emphasis added).

Our Supreme Court has held that "when the Commonwealth intends to seek an enhanced sentence for attempted murder resulting in serious bodily injury under Section 1102(c), the Commonwealth must include a citation to the statutory provision as well as its language in the charging documents." *Commonwealth v. King*, 234 A.3d 549, 562 (Pa. 2020). However, the failure to include notice in the information that the Commonwealth intended to prove attempted murder-serious bodily injury is harmless error where the evidence of serious bodily injury is "overwhelming and uncontroverted." *Id*.[2]

_____

[2] In *King*, the Commonwealth charged the appellant with attempted murder and aggravated assault-serious bodily injury for shooting his victim which punctured the victim's lungs. The information did not reference Section 1102(c) or otherwise allege that serious bodily injury resulted from the attempted murder. At trial, appellant stipulated to the injuries suffered by the victim. In defense, he argued that someone else shot the victim. The trial court included a special interrogatory on the verdict sheet asking the jury, if it found Appellant guilty of attempted murder, to determine if the victim suffered serious bodily injury as a result of the shooting. The jury convicted the appellant, answering yes to the special interrogatory, and the court sentenced him to 20 to 40 years' for the attempted murder as permitted under Section 1102(c). Following this Court's affirmance and the Pennsylvania Supreme Court's grant of *allocatur*, our Supreme Court held that the Commonwealth violated *Apprendi* by failing to include reference to Section 1102(c) in the charging document. However, the Court found the Commonwealth's error was harmless beyond a reasonable doubt because "the element of serious bodily injury in connection with attempted murder was indeed submitted to the jury and found beyond a reasonable doubt," and the Commonwealth's failure to include "serious bodily injury" as part of the
*(Footnote Continued Next Page)*

To support his ineffective assistance of counsel argument, Appellant relies on **Commonwealth v. Bickerstaff**, 204 A.3d 988, 991 (Pa. Super. 2019). In **Bickerstaff**, this Court reversed Bickerstaff's 20-to-40 year sentence for attempted murder-serious bodily injury after concluding that counsel provided ineffective assistance by failing to raise an **Apprendi** challenge to the trial court's inclusion of a serious bodily injury special interrogatory on the verdict sheet. The Commonwealth charged Bickerstaff with, *inter alia*, general attempted murder and aggravated assault. The court included a special interrogatory on the verdict sheet asking the jury to determine whether, if it found the appellant guilty of attempted murder, the victim suffered serious bodily injury. The jury found Bickerstaff guilty of attempted murder and answered 'yes' to the special interrogatory. The court sentenced him to 20 to 40 years' incarceration as provided by 18 Pa.C.S. § 1102(c). Bickerstaff filed a PCRA petition, alleging counsel was ineffective in failing to challenge the 40-year sentence as illegal under **Apprendi** because the Commonwealth did not give him notice of its intent to prove serious bodily injury as an element of attempted murder and counsel's failure to challenge the special interrogatory resulted in an enhanced sentence. This Court agreed, observing that "[t]he charges, complaint, information, and jury instructions for attempted murder made no mention of associated serious

_____

attempted murder charge did not affect the appellant's "choice of defense or execution of that defense." **Id**. at 563, 566.

bodily injury." 204 A.3d at 997. "*Absent more, this surprise interrogatory was not enough to put Appellant on notice to defend against attempted murder/serious bodily injury.* [ ] Due to this lack of notice and Appellant's resultant inability to defend, counsel should have objected to the interrogatory before the jury deliberated." **Id.** (emphasis added). The panel, thus, vacated the appellant's judgment of sentence and remanded for resentencing.[3]

Although **Bickerstaff** involved a shooting, it is otherwise distinguishable from Appellant's case because, among other things, the charging documents indicated that Victim had suffered serious bodily injury as a result of the shooting. As the PCRA court observed, "Appellant had been well notified that the Commonwealth had intended to prove serious bodily injury." **Id**. at 9.

In rejecting Appellant's argument, the PCRA court noted:

The charging documents in Appellant's case, which were filed on November 20, 2017, stated that the victim suffered 'multiple gunshot wounds' and [was] 'taken into the E.R. and listed in critical condition.' . . . The criminal complaint specified that Appellant was alleged to have 'knowingly, intentionally, or recklessly caused/attempted to cause serious bodily injury to, and/or attempted to kill, the complainant.' . . . The extent of the victim's injuries was established both by witness testimony and *via* sti[p]ulated medical records; neither party disputed this information. The video concretely depicted the brutality of the

---

[3] **Compare Commonwealth v. Cruz**, 320 A.3d 1257, 1276 (Pa. Super. 2024) (*en banc*) (collecting cases and concluding that the failure to submit serious bodily injury to the jury as an element of attempted murder violated **Apprendi**, but the error was harmless because the appellant did not dispute that the victim sustained serious bodily injury and "the jury found beyond a reasonable doubt that the assault resulted in serious bodily injury").

attack. The circumstances that had been presented to the fact-finding jury in the presence of [Appellant] demonstrated unequivocally that the victim's survival was nothing short of miraculous.

*Id*. at 12. "Thus, in this case, as in *King*[*, supra*], any lack of formal notice regarding the applicability of serious bodily injury to the Attempted Murder charge 'did not affect [Appellant's] choice of defense or execution of defense,' and was therefore at worst harmless error." *Id*. at 12 (citation omitted). The PCRA court concluded that Appellant failed to demonstrate that his underlying claim had merit and he, thus, failed to prove that counsel provided ineffective assistance of counsel in failing to object to the court's inclusion of the special interrogatory. *Id*. at 13.

Our review of the record confirms the PCRA court's findings. Appellant was aware before trial that the victim suffered serious bodily injuries. As the PCRA court noted, the evidence—particularly the victim's medical record, the admission of which Appellant stipulated, and the victim's testimony—established that the victim suffered serious bodily injury requiring extensive surgery and rehabilitation because of the shooting. In addition, unlike in *Bickerstaff*, the jury received instructions on serious bodily injury as it related to both the aggravated assault and attempted murder. We further emphasize that Appellant has not shown that counsel's failure to object to the court's special interrogatory deprived him of a fair trial or otherwise prevented him from preparing his defense. He has, thus, failed to establish that counsel provided ineffective assistance.

We, thus, conclude that the PCRA court properly exercised its discretion in dismissing Appellant's PCRA petition. We affirm the order dismissing the Petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/7/2025