J-S27025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNESTO ALMODOVAR | : | |
| | : | |
| Appellant | : | No. 1880 EDA 2024 |

Appeal from the PCRA Order Entered June 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004094-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNESTO ALMODOVAR | : | |
| | : | |
| Appellant | : | No. 1881 EDA 2024 |

Appeal from the PCRA Order Entered June 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004095-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNESTO ALMODOVAR | : | |
| | : | |
| Appellant | : | No. 1882 EDA 2024 |

Appeal from the PCRA Order Entered June 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004096-2017

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED OCTOBER 27, 2025**

Ernesto Almodovar appeals from the order dismissing his first petition filed under the Post Conviction Relief Act (PCRA) without a hearing.  **See** 42 Pa.C.S. §§ 9541–9546.  He argues that his trial counsel was ineffective for failing to object when "serious bodily injury" was added to his attempted murder charges, doubling his possible sentence for those offenses.  Because Almodovar cannot show that trial counsel's inaction caused him prejudice, we affirm.

On August 30, 2016, a shooter fired 23 bullets from two firearms into a crowded Philadelphia street.  Police identified Almodovar as the shooter.  On April 11, 2017, they arrested Almodovar and charged him with attempted murder, aggravated assault, and other crimes, with separate dockets for each of three named complainants.  The cases were consolidated for trial, with jury selection beginning on February 13, 2018.

At trial, the prosecution presented ample evidence of the shooting and its effects on the victims.  Rakeem Baker was shot in his left eye and out his neck; he had no vision in his left eye.  Bartley Foster was shot four times in his legs, breaking a bone in his right leg.  Twelve-year-old J.S. was shot in her right thigh; she could no longer run or play basketball as well as before and was still in pain at trial two years later.  J.S. identified Almodovar as the shooter.

_____

[*] Former Justice specially assigned to the Superior Court.

Defense counsel did not challenge whether the shooting occurred but rather contested that Almodovar was the shooter. He argued to the jury that this was a case of misidentification. "We're not here to decide if people got hurt. They got hurt . . . . What we are here to decide is who is responsible for it." N.T., 2/14/18, at 32. Defense counsel emphasized flaws in how J.S. identified Almodovar. He explored the involvement of an alternative suspect in the shooting, Thomas Bradley, whom J.S. saw running away from the scene.

Notably, Almodovar's initial three charges of attempted murder did not include any allegation that those inchoate offenses resulted in serious bodily injury. For each count of attempted murder, Almodovar's indictment, arraignment, and bills of information alleged that he intentionally and with malice attempted to cause the death of another human being. The charging documents did not allege that the attempted murder resulted in serious bodily injury. The trial court's jury instructions for attempted murder did not define serious bodily injury or require the jury to find serious bodily injury to find Almodovar guilty. From the beginning, however, Almodovar's charges of aggravated assault included the element of causing serious bodily injury.[1] The trial court defined serious bodily injury in its instruction on aggravated assault

_____

[1] A conviction for aggravated assault requires proof that a person either attempted to cause serious bodily injury or caused such injury. 18 Pa.C.S.A. § 2702(a)(1). Almodovar's charging documents included both alternatives. The trial court charged the jury only on causing serious bodily injury, not attempting to do so.

- 3 -

and provided that the jury had to find that Almodovar caused serious bodily injury to each victim to convict Almodovar of aggravated assault.

The preparation of the verdict sheets in Almodovar's cases was the first instance the initial charges of attempted murder were enhanced to include the additional element that Almodovar caused bodily injury to each victim. In each case, the verdict sheet for the jury to complete began with the charges of "ATTEMPTED MURDER - causing serious bodily injury" and "AGGRAVATED ASSAULT - causing serious bodily injury" to the named victims. The sheets did not include a separate space for the jury to find Almodovar guilty of attempted murder without serious bodily injury. Defense counsel did not object to the verdict sheets or to a lack of prior notice of this additional element to the charges of attempted murder. N.T., 2/20/18, at 73. The jury found Almodovar guilty of all the charges on the verdict sheets.

On April 23, 2018, the trial court sentenced Almodovar to an aggregate term of 31 to 63 years of incarceration followed by 14 years of probation. Almodovar's sentence included consecutive terms of 15 years and 6 months to 31 years 6 months for two of his convictions for attempted murder. The trial court observed that Almodovar's sentences were in the standard range.

Almodovar filed post-sentence motions, which were denied by operation of law. He later filed a PCRA petition, leading to restoration of his direct appeal rights. Almodovar appealed *nunc pro tunc*. On January 13, 2022, this Court affirmed Almodovar's judgment of sentence, rejecting his challenges to the sufficiency of the evidence, the weight of the evidence, and the discretionary

aspects of sentencing. ***Commonwealth v. Almodovar***, 272 A.3d 475 (Table), 2022 WL 122614 (Pa. Super. 2022) (non-precedential decision). Almodovar did not petition the Supreme Court of Pennsylvania for allowance of appeal.

On September 22, 2022, Almodovar filed a *pro se* PCRA petition, which the PCRA court properly treated as Almodovar's first.[2] Among other claims, Almodovar argued that his trial counsel was ineffective for failing to object to the verdict sheet at trial listing charges of attempted murder *with* serious bodily injury caused. Counsel filed an amended petition on December 7, 2022, including the same ineffectiveness claim.[3] The Commonwealth filed a response on June 13, 2023, opposing relief.

On November 16, 2023, the PCRA court entered a notice of intent to dismiss Almodovar's petition without a hearing. In relevant part, the court determined that Almodovar's ineffectiveness claim was meritless and that Almodovar failed to show that trial counsel's inaction lacked a reasonable basis or resulted in prejudice. Almodovar responded in opposition to the dismissal and moved for an evidentiary hearing and for the appointment of new counsel.

_____

[2] After a PCRA petition results in *nunc pro tunc* restoration of direct appeal rights, a subsequent petition is deemed as the petitioner's first for purposes of timeliness. ***See Commonwealth v. Blackwell***, 936 A.2d 497, 499 & n.4 (Pa. Super. 2007) (citing ***Commonwealth v. Karanicolas***, 836 A.2d 940, 944 (Pa. Super. 2003)).

[3] The amended petition omitted one of the docket numbers from Almodovar's cases. This does not affect our review of all three cases.

New counsel was appointed and moved for reconsideration of the PCRA court's intent to dismiss.

The PCRA court[4] dismissed Almodovar's petition without a hearing on June 24, 2024. Almodovar timely appealed. Almodovar and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Almodovar maintains one issue on appeal:

Did the PCRA Court err by not granting a new trial or granting an evidentiary hearing to be conducted to determine why counsel failed to object to the improper verdict sheet for the attempted murder charge, which led to a doubled maximum sentence where the court failed to give separate jury instructions at charging and then [the jury] found [Almodovar] guilty of Attempted Murder with the enhancement?

Almodovar's Brief at 8.

Almodovar argues that his trial counsel was ineffective for failing to object to the addition of serious bodily injury to the attempted murder charges on the verdict sheets. He submits that this procedure did not provide notice of the enhancement or give him a chance to prepare a defense to the additional element. Almodovar explains that the trial court is required to charge each element of the offense to the jury, and his trial counsel's inaction resulted in a potentially doubled sentence. Notably, Almodovar contends that trial counsel's failure to object to the verdict sheet caused him prejudice because (1) the jury could have been charged separately with both the greater

_____

[4] The Honorable Timika Lane presided at trial and received Almodovar's PCRA petition. The case was reassigned to the Honorable Scott DiClaudio after Judge Lane was elected to this Court.

and lesser offenses, attempted murder with and without serious bodily injury, or (2) the greater offense could not have been included on the verdict sheets when the charging documents and arraignment did not include it.

On appeal from the dismissal of a PCRA petition, this Court reviews for "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Allison*, 235 A.3d 359, 362 (Pa. Super. 2020) (quoting *Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007)). If a PCRA court "can determine from the record that no genuine issues of material fact exist," the court is not required to hold an evidentiary hearing. *Id.* at 364 (quoting *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008)).

The legal framework for a claim of ineffective assistance of counsel is well established. The Supreme Court of Pennsylvania has explained:

> Counsel is presumed to be effective, and the petitioner bears the burden of proving that counsel's assistance was ineffective by a preponderance of the evidence. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011). To prevail on a claim of ineffective assistance of counsel, the petitioner must plead and prove the following three elements: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) petitioner suffered prejudice as a result of counsel's action or inaction. *Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). To establish prejudice, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127–28 (Pa. 2011). Because a petitioner's failure to satisfy any of the above-mentioned elements is dispositive of the entire claim, a court need not analyze the elements in any particular order. Failure to satisfy one element is dispositive.

*Commonwealth v. Hairston*, 249 A.3d 1046, 1061–62 (Pa. 2021) (citations altered).

The Crimes Code prescribes a maximum sentence of 40 years of imprisonment for attempted murder "where serious bodily injury results" and 20 years of imprisonment "[w]here serious bodily injury does not result." 18 Pa.C.S. § 1102(c). If the Commonwealth intends to seek the 40-year maximum, it must provide the relevant language from Section 1102(c) in the charging documents. *Commonwealth v. King*, 234 A.3d 549, 562 (Pa. 2020).

Our courts have repeatedly addressed situations where defendants are prosecuted for attempted murder and aggravated assault, and later receive an enhanced sentence under Section 1102(c). Initially, in *Commonwealth v. Bickerstaff*, 204 A.3d 988 (Pa. Super. 2019), this Court determined that failure to include the serious bodily injury in the attempted murder charge violated due process. There, the charging documents did not include the element of serious bodily injury in a PCRA petitioner's charge of attempted murder. *Id.* at 997. The jury instruction did not include the element of serious bodily injury related to attempted murder, although the trial court instructed the jury on serious bodily injury related to the petitioner's charge of aggravated assault. *Id.* The verdict sheet, however, included a "special interrogatory that raised for the first time a question about serious bodily injury in connection with attempted murder." *Id.* We held the petitioner's trial counsel to be ineffective for failing to object to the interrogatory, or to

- 8 -

the petitioner's enhanced sentence under Section 1102(c). *Id.* Notably, we reasoned that the trial counsel's inaction caused the petitioner prejudice, despite the Commonwealth's argument that the error was harmless. *Id.* at 997–98.

The following year, our Supreme Court agreed and held that the Commonwealth's failure to cite Section 1102(c) or include the relevant statutory language in the charging documents violates due process. *King*, 234 A.3d at 562. In that case, the defendant went to trial for attempted murder, aggravated assault, and other offenses, arguing to the jury that another individual had shot the victim and caused his serious injuries. *Id.* at 552–53. The verdict sheet contained an interrogatory for the jury to answer if it found the defendant guilty of attempted murder, asking whether the jury also found beyond a reasonable doubt that the victim suffered serious bodily injury. *Id.* at 553.

Although it found this late notice violated due process, the court nonetheless reviewed the resulting enhanced sentence for harmless error and concluded the sentence was not illegal. *Id.* at 563. The court observed that: the evidence of the victim's injuries was overwhelming and uncontroverted; the jury found serious bodily injury beyond a reasonable doubt; the factual summaries in the charging documents gave the defendant "*de facto* notice" of the enhanced sentence; and the lack of notice did not affect the defendant's choice of defense or execution of his chosen defense—*i.e.*, that another person had shot the victim. *Id.* at 566.

- 9 -

Recently, this Court followed *King* in *Commonwealth v. Cruz*, 320 A.3d 1257 (Pa. Super. 2024) (*en banc*). A jury had found the PCRA petitioner guilty of attempted murder and aggravated assault but had not rendered a separate finding of serious bodily injury for the attempted murder conviction. *Id.* at 1260–61. The petitioner claimed that his resulting enhanced sentence was illegal. *Id.* at 1262. We agreed that the procedure violated the petitioner's right to a jury trial. *Id.* at 1274 (following *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). However, we held that the Sixth Amendment violation, like the due process violation in *King*, was subject to harmless error review. *Id.* Applying that standard, where the jury had necessarily found the victim had serious bodily injury in connection with the charge of aggravated assault, we concluded that the error was harmless and the petitioner's sentence was not illegal. *Id.* at 1276.

Here, Almodovar's claim is one of ineffective assistance of counsel, as in *Bickerstaff*, rather than an illegal sentence, as in *Cruz*. Nonetheless, we follow the reasoning in *Cruz* to reject both of Almodovar's explanations for how his trial counsel's failure to object to the verdict sheets caused him prejudice. First, Almodovar argues his trial counsel could have requested the jury be charged separately as to the general offense of attempted murder and the additional offense with the element of serious bodily injury. However, the record does not support that the lesser-included offense would have changed the verdicts or sentences. It would be incongruous for the jury—properly instructed as to the elements of the offenses—to find that Almodovar had

- 10 -

caused serious bodily injury when committing aggravated assault but not attempted murder. Given Almodovar's trial strategy of conceding the victims' injuries but disputing the perpetrator's identity, there is no reasonable probability that additional inquiries on the verdict sheets would have altered the outcome of trial.

Second, Almodovar argues that counsel's timely objection would have limited the verdict sheets to the offense of attempted murder *without* serious bodily injury. However, a trial court may allow an information to be amended even during trial if the amendment "does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced." Pa.R.Crim.P. 564. Relevant factors for Rule 564 prejudice include:

> (1) whether the amendment changes the factual scenario supporting the charges;
>
> (2) whether the amendment adds new facts previously unknown to the defendant;
>
> (3) whether the entire factual scenario was developed during a preliminary hearing;
>
> (4) whether the description of the charges changed with the amendment;
>
> (5) whether a change in defense strategy was necessitated by the amendment; and
>
> (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

***Commonwealth v. Mentzer***, 18 A.3d 1200, 1204–05 (Pa. Super. 2011) (quoting ***Commonwealth v. Roser***, 914 A.2d 447, 453 (Pa. Super. 2006)).

Here, the record does not support that Almodovar would have suffered any prejudice under Rule 564 from adding the duplicative element of serious bodily injury to the charge of attempted murder. This amendment would not have altered Almodovar's trial strategy. Indeed, if trial counsel had objected to the late addition, the trial court would have had a firm basis to allow the amendment. Thus, as the PCRA court opined, "[t]here is no reasonable likelihood that an objection to the jury interrogatory would have been successful." PCRA court opinion, 2/5/25, at 4.

The record supports the PCRA court's determination that trial counsel's failure to object to the verdict sheets did not prejudice Almodovar, and that there are no genuine issues of material fact to resolve at a hearing. We therefore affirm the order dismissing Almodovar's PCRA petition without a hearing.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/27/2025